# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2071

_____

| | | |
|---|---|---|
| Mark Gardner; Danielle Baker, and all others similarly situated, | * * * | |
| Plaintiffs - Appellants, | * * | |
| v. | * * | Appeal from the United States District Court for the |
| First American Title Insurance Company; Universal Title Company; Universal Partnerships, | * * * * | District of Minnesota. |
| Defendants - Appellees. | * | |

_____

Submitted: February 11, 2002

Filed: June 21, 2002

_____

Before McMILLIAN, FAGG, and LOKEN, Circuit Judges.

_____

LOKEN, Circuit Judge.

The Real Estate Settlement Procedures Act (RESPA) prohibits awarding fees or kickbacks for the referral of "a real estate settlement service involving a federally related mortgage loan." 12 U.S.C. § 2607(a). Persons violating this prohibition are "liable to the person or persons charged for the settlement service . . . in an amount equal to three times the amount of any charge paid for such settlement service." § 2607(d)(2). In this putative class action, named plaintiffs Mark Gardner and

Danielle Baker allege that defendants violated RESPA by having sham limited partnerships pay fees to real estate agents for referring title insurance business to the partnerships, which in turn passed the business on to the defendant title insurers.

Prior to class certification, the district court granted defendants' motion to dismiss the RESPA claims without prejudice. The court concluded that it lacked subject matter jurisdiction over the RESPA claims because plaintiffs failed to allege that their mortgage loans were federally related and therefore "failed to allege that they have standing to bring this action under RESPA." Although the dismissal was without prejudice, plaintiffs appealed because the dismissal may have statute of limitations implications. We review the dismissal of a complaint de novo. See Springdale Educ. Assoc. v. Springdale Sch. Dist., 133 F.3d 649, 651 (8th Cir. 1998) (standard of review). Concluding that the complaint adequately alleged plaintiffs' standing and stated RESPA claims, we reverse.

On appeal, plaintiffs first argue that a complaint need not allege that the plaintiff was involved in a federally related mortgage loan in order to state a claim under RESPA. We disagree. As the district court recognized, standing is an important constitutional and prudential limitation on the Article III jurisdiction of the federal courts. "A federal court's jurisdiction . . . can be invoked only when the plaintiff himself has suffered some threatened or actual injury resulting from the putatively illegal action." Warth v. Seldin, 422 U.S. 490, 499 (1975). Rule 8(a)(1) of the Federal Rules of Civil Procedure provides that a pleading setting forth a claim for relief must include "a short and plain statement of the grounds upon which the court's jurisdiction depends." Therefore, "[i]t is the responsibility of the complainant clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers." Warth, 422 U.S. at 518. In ruling on a motion to dismiss for lack of standing, "both the trial and reviewing courts must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." Id. at 501.

Here, plaintiffs' complaint expressly alleged federal question jurisdiction based upon claims under RESPA. However, the lengthy allegations describing plaintiffs' mortgage loan transactions failed to allege that plaintiffs received federally related mortgage loans. We agree with the district court that these introductory paragraphs of the complaint, where one would expect to find standing properly alleged, are inadequate to the task. But buried on page 21 of plaintiffs' prolix complaint are the following allegations:

> 80. Defendants have violated section 8 of RESPA, 12 U.S.C. 2607(a) and (b) et seq., by paying, receiving, and/or exchanging prohibited payments and things of value on loan transactions as well as paying, receiving or exchanging unearned fees, things of value, portions, splits, or percentages of payments made for the rendering of a settlement service in connection with a transaction *involving a federally related mortgage loan* other than for services actually performed.

*   *   *   *   *

> 82. As described above, *such violations* occurred in relation to Plaintiffs' loan settlement transactions.

(Emphasis added). Although paragraph 82 is hardly a model of clarity, we agree with plaintiffs that the logical antecedent for the term "such violations" in that paragraph are the violations described in paragraph 80, that is, transactions "involving a federally related mortgage loan." Thus, while plaintiffs did not expressly include *their loans* in the class of violations alleged in paragraph 80, they did allege in paragraph 82 that their loans fell within the class defined in paragraph 80. In our view, that is a sufficient allegation of RESPA standing.

Defendants argue that plaintiffs failed to plead "facts showing that they had obtained federally related mortgage loans" because the "such violations" allegations in paragraph 82 "are bald legal conclusions." But Rule 8(a) did away with the

-3-

necessity of detailed fact pleading. Though the standing component of jurisdiction is not satisfied merely by citing the federal statute defendant has allegedly violated, Rule 8(a)(1) is satisfied if the complaint "say[s] enough about jurisdiction to create some reasonable likelihood that the court is not about to hear a case that it is not supposed to have the power to hear." Hammes v. AAMCO Transmissions, Inc., 33 F.3d 774, 778 (7th Cir. 1994). Read together and construed in favor of plaintiffs, paragraphs 80 and 82 alleged, however imprecisely, that defendants violated RESPA in connection with plaintiffs' federally related mortgage loans. When combined with the earlier paragraphs describing plaintiffs' mortgage loan transactions, the allegations of standing are not "merely conclusionary statements without factual support." Stanturf v. Sipes, 335 F.2d 224, 230 (8th Cir. 1964). Thus, the complaint satisfied Rule 8(a)(1)'s requirement of "a short and plain statement of the grounds upon which the court's jurisdiction depends."

Rule 8(a)(2) also requires "a short and plain statement of the claim showing that the pleader is entitled to relief." To comply with this requirement, a claimant need not "set out in detail the facts upon which he bases his claims," but must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 122 S.Ct. 992, 998 (2002), quoting Conley v. Gibson, 355 U.S. 41, 47 (1957). As defendants concede that the lengthy complaint gave them fair notice of plaintiffs' RESPA claims, the complaint satisfied Rule 8(a) and should not have been dismissed. The judgment of the district court is reversed and the case is remanded for further proceedings not inconsistent with this opinion.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.