# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3521

_____

| | | |
|---|---|---|
| American Association of Orthodontists, | * | |
| | * | |
| Plaintiff - Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Yellow Book USA, Inc., | * | |
| | * | |
| Defendant - Appellee. | * | |

_____

Submitted: May 11, 2005
Filed: January 24, 2006

_____

Before LOKEN, Chief Judge, BEAM and MELLOY, Circuit Judges.

_____

LOKEN, Chief Judge.

Yellow Book USA, Inc., publishes "yellow pages" directories that list, by category, businesses and professionals that pay for the listings. During the time in question, Yellow Book publications in Missouri included separate listings for "Dentists," "Dentists-Orthodontists," and "Orthodontists (Straightening-Braces)." The American Association of Orthodontists ("AAO"), a trade organization representing orthodontists, commenced this action for injunctive relief, alleging that Yellow Book is violating the Lanham Act, 15 U.S.C. § 1125(a), by listing general dentists under the categories "Dentists-Orthodontists" and "Orthodontists

(Straightening-Braces)" in Yellow Book publications. The district court[1] dismissed the complaint on the ground that AAO lacks Lanham Act standing, and AAO appeals. We review a dismissal for lack of standing de novo, accepting as true the material allegations of the complaint and construing the complaint in favor of the plaintiff. Gardner v. First Am. Title Ins. Co., 294 F.3d 991, 993 (8th Cir. 2002). We affirm.

The Statute. As relevant here, 15 U.S.C. § 1125(a) provides:

(1) Any person who, on or in connection with any goods or services . . . uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which -

(A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or

(B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,

shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

Subsection (a)(1)(A) is referred to as the false endorsement prohibition; subsection (a)(1)(B) is referred to as the false advertising prohibition. In general, the statute is broadly construed as "making certain types of unfair competition federal statutory torts." Home Builders Ass'n v. L & L Exhibition Mgmt, Inc., 226 F.3d 944, 947 (8th Cir. 2000) (quotation omitted).

---

[1]The HONORABLE CAROL E. JACKSON, Chief Judge of the United States District Court for the Eastern District of Missouri.

The Complaint.  We will briefly summarize the most significant allegations in AAO's complaint:

-- AAO "is an association of educationally qualified Orthodontists . . . . Members of AAO must have . . . completed an accredited orthodontic program."

-- It is improper under the American Dental Association's *Principles of Ethics and Code of Professional Conduct* "for a General Dentist to announce a specialty when the General Dentist has not completed the requisite education relative to such specialty."

-- Yellow Book is advertising General Dentists under its "Dentists-Orthodontists" and "Orthodontists (Straightening-Braces)" listings.

-- Such designations are false "in that General Dentists who have not undergone specialized training including completion of an accredited orthodontic program are not Orthodontists and should not be advertised as Orthodontists."

-- This false advertising is likely to confuse and deceive the public and irreparably injures AAO and its member orthodontists.

-- AAO seeks preliminary and permanent injunctive relief restraining Yellow Book from violating 15 U.S.C. § 1125(a) "by listing General Dentists as Orthodontists in any Yellow Book or other publication . . . when they have not completed an accredited orthodontic program."

AAO asserts on appeal, as it did in the district court, that Yellow Book's listings violate both the false endorsement prohibition of 15 U.S.C. § 1125(a)(1)(A) and the false advertising prohibition of § 1125(a)(1)(B).

The Complaint Fails To State a Lanham Act Claim.  This is not a typical Lanham Act claim.  AAO's complaint does not allege that a "general dentist" who requests to be included in Yellow Book listings for orthodontists is falsely claiming

endorsement by AAO, nor that the dentist is pretending to be an AAO member. Rather, AAO complains because the general dentist who is included in Yellow Book's orthodontist listings is holding himself out as qualified to perform orthodontics services (i.e., to compete with AAO members) when he has not obtained an additional education pedigree that AAO considers to be a necessary qualification.

Dentistry is a profession heavily regulated by the States, including Missouri. Orthodontics is a sub-specialty of the dental profession. The complaint does not allege that it is illegal in Missouri for a general dentist to perform orthodontic services unless he or she has completed "an accredited orthodontic program." Thus, AAO seeks an injunction that would usurp the function of the state licensing authorities to determine who may advertise themselves as qualified to provide this type of professional dental services. AAO cites no authority for the proposition that the Lanham Act confers this regulatory authority on the federal courts. We are confident Congress did not intend to do so.

Absent a specific state law prohibition against general dentists holding themselves out as orthodontists, the legal determination that any particular dentist is guilty of *false* advertising by requesting inclusion in the Yellow Book listings for orthodontists requires a detailed analysis of that dentist's qualifications and experience. As no general dentist is before the court, the injunctive relief requested by AAO "in gross" may not be granted.

For these reasons, the complaint fails to state a claim upon which the relief requested can be granted. Therefore, the district court properly granted Yellow Book's Rule 12(b)(6) motion to dismiss.

<u>If the Complaint States a Claim, AAO Lacks Standing.</u> Standing includes both a constitutional and a prudential component. The constitutional requirement, grounded in Article III case or controversy limitations, consists of three elements:

First, the plaintiff must have suffered an injury in fact -- an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of -- the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992) (quotations and citations omitted). We agree with the district court that AAO lacks standing under either subsection of 15 U.S.C. § 1125(a)(1).

1. Section 1125(a)(1)(A) prohibits "false representations concerning the origin, association, or endorsement of goods or services through the wrongful use of another's distinctive mark, name, trade dress, or other device." Waits v. Frito-Lay, Inc., 978 F.2d 1093, 1108 (9th Cir. 1992), cert. denied, 506 U.S. 1080 (1993). The complaint alleges that Yellow Book's listings may confuse the public as to whether AAO or its members have approved the listings. The allegation is far-fetched, but we accept it as true at this stage of the proceedings. However, even assuming it is true *and* a sufficient allegation of injury in fact, the remedy sought -- an injunction barring Yellow Book from including general dentists who have not completed an accredited orthodontic program under its orthodontist listings -- would not redress the injury alleged -- public confusion over whether AAO or its members endorse the Yellow Book listings. Thus, the favorable decision sought will not redress the injury alleged.

2. Section 1125(a)(1)(B) prohibits false advertising. Applying prudential standing considerations, a number of circuits have held, categorically, that false advertising claims not involving misuse of a trademark are actionable only "when brought by competitors of the wrongdoer." Waits, 978 F.2d at 1109; accord Telecom Int'l Amer., Ltd. v. AT&T Corp., 280 F.3d 175, 197 (2d Cir. 2001); Stanfield v.

Osborne Indus., Inc., 52 F.3d 867, 873 (10th Cir.), cert. denied, 516 U.S. 920 (1995); L.S. Heath & Son, Inc. v. AT&T Info. Sys., Inc., 9 F.3d 561,575 (7th Cir. 1993). Other circuits have adopted a less categorical multi-factor test, based on the Supreme Court's test for antitrust standing, that focuses judicial enforcement of the Lanham Act on the protection of commercial interests and the prevention of competitive harm. See Conte Bros. Auto., Inc. v. Quaker State-Slick 50, Inc., 165 F.3d 221, 233-35 (3d Cir. 1998), followed in Procter & Gamble Co. v. Amway Corp., 242 F.3d 539, 562-64 (5th Cir.), cert. denied, 534 U.S. 945 (2001).

In this case, neither AAO nor its members are competitors of the alleged wrongdoer. Yellow Book is a publisher, not a competing provider of orthodontic services. AAO of course urges us to adopt the less categorical approach of Conte Brothers. But we need not resolve what may be a circuit conflict over the appropriate test for standing under § 1125(a)(1)(B), because AAO and its members lack standing to assert this false advertising claim *against Yellow Book* under either test.

Yellow Book is not the advertiser of orthodontic services when a general dentist is listed in the orthodontist listings. The dentist is the advertiser; Yellow Book provides the advertising medium. Absent an allegation that Missouri prohibits all general dentists from offering orthodontics services unless they have the additional education or training that AAO would require, a claim that a particular general dentist is guilty of false advertising by being included in Yellow Book's orthodontist listings should be brought against the dentist whose lack of education, training, or experience is being challenged by an AAO member (or by AAO as an associational plaintiff). Perhaps this aspect of our analysis is not truly an element of plaintiff's standing, since it focuses on who is a necessary defendant given the relief requested. But in our view, this is without question a proper component of the "prudential considerations defining and limiting the role of the courts" in exercising their remedial powers to enforce the Lanham Act. Warth v. Seldin, 422 U.S. 490, 518 (1975).

The judgment of the district court is affirmed.

_____