# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1975

_____

Ivan Lambert,                                         *
                                                      *
                Appellant,                            *
                                                      *   Appeal from the United States
        v.                                            *   District Court for the
                                                      *   District of North Dakota.
United States Department of State;                    *
Michael Chertoff, Secretary of                        *   [UNPUBLISHED]
Department of Homeland Security,                       *
                                                      *
                Appellees.                            *

_____

Submitted: March 7, 2007
Filed: March 28, 2007

_____

Before SMITH, GRUENDER, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Ivan Lambert appeals the district court's[1] dismissal of his complaint seeking to have his adult children declared United States citizens. The complaint was dismissed for lack of standing and failure to state a claim on which relief may be granted. Upon careful de novo review, we affirm. See Am. Ass'n of Orthodontists v. Yellow Book USA, Inc., 434 F.3d 1100, 1101 (8th Cir. 2006) (de novo review of dismissal for lack

_____

[1] The Honorable Ralph R. Erickson, United States District Judge for the District of North Dakota.

of standing); <u>Breedlove v. Earthgrains Baking Cos., Inc.</u>, 140 F.3d 797, 799 (8th Cir. 1998) (de novo review of dismissal for failure to state a claim).

Lambert is a Canadian-born naturalized United States citizen who resides in Canada. He has two children born in Canada in 1980 and 1984 to him and his wife, a German national. He was unable to transmit his United States citizenship to his adult children because he did not have ten years of physical presence in the United States prior to their births, as required by the law in effect when his children were born. <u>See</u> 8 U.S.C. § 1401(g) (1985) (establishing ten-year presence requirement).

The district court properly concluded that Lambert lacked standing to pursue his children's claims to citizenship, as he made no showing that his children were unable to assert their own interests. <u>See</u> <u>Gladstone Realtors v. Vill. of Bellwood</u>, 441 U.S. 91, 99-100 (1979) (prudential limits on standing "limit access to the federal courts to litigants best suited to assert a particular claim"). Lambert's claim that the denial of citizenship to his children violates his right to reside with them in the United States fails to state a claim on which relief can be granted. <u>See</u> <u>Rogers v. Bellei</u>, 401 U.S. 815, 831, 836 (1971) (statutory limitations on citizenship will be upheld unless they are "unreasonable, arbitrary, or unlawful"). Lambert's challenge to 8 U.S.C. § 1401(h) also lacks legal support, whether it is construed as asserting a right to notice of the statute's enactment, <u>cf.</u> <u>Emergency Disaster Loan Ass'n, Inc. v. Block</u>, 653 F.2d 1267, 1271 (9th Cir. 1981) (government is not generally obligated to inform citizens of their eligibility for benefits), or as a challenge to its retroactive nature, <u>see</u> <u>Landgraf v. USI Film Prods.</u>, 511 U.S. 244, 280 (1994) (courts only scrutinize whether retroactive application "would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed").

Finally, the district court did not abuse its discretion in denying Lambert's motion to amend the complaint, as the motion was filed after judgment had already

been entered.  <u>See</u> <u>Niagara of Wis. Paper Corp. v. Paper Indus. Union-Mgmt. Pension Fund</u>, 800 F.2d 742, 749 (8th Cir. 1986) (motions for leave to amend made post-judgment are not liberally granted and are reviewed for abuse of discretion).

The judgment of the district court is affirmed.  <u>See</u> 8th Cir. R. 47B.

_____