Charles W. **JOHNSON**, Appellant,

v.

**KRAFT GENERAL FOODS, INC., Respondent.**

No. 76646.

Supreme Court of Missouri, En Banc.

Oct. 25, 1994.

charged him from employment in violation of § 454.505.10, RSMo Supp.1992. In response to Johnson's petition, Kraft filed a motion to dismiss under Rule 55.27(a)(6) for failure to state a claim for which relief can be granted. Finding that § 454.505.10 does not authorize a private cause of action, the trial court sustained the motion to dismiss. Johnson then sought review in the Missouri Court of Appeals, Southern District. A panel of that court, by a two-to-one vote, held that the statute did create a private cause of action and reversed the trial court's dismissal order. This Court granted transfer and now decides the case as if originally appealed to this Court. *Mo. Const. art. V, § 10.* The judgment of the trial court is affirmed.[1]

According to the petition, Kraft hired Johnson as an at-will employee beginning in July, 1992. In December, 1992, Kraft received a court order to withhold from Johnson's pay the sum of $450 per month for delinquent child support. On that same day, Kraft terminated Johnson's employment. Kraft did so, according to Johnson, because of the withholding notice.

■ In reviewing the trial court's dismissal, the facts averred in the pleading are assumed to be true and are construed liberally in favor of appellant. *Sullivan v. Carlisle,* 851 S.W.2d 510, 512 (Mo. banc 1993). Indeed, Johnson's allegations, as pleaded, constitute a violation of § 454.505.10.

■ The issue in controversy, however, is whether that violation gives rise to a private cause of action. The statute states as follows:

Richard Crites, Springfield, for appellant.

Virginia L. Fry, Nana L. Faaborg, Springfield, for respondent.

LIMBAUGH, Judge.

Appellant Charles W. Johnson (Johnson) filed suit in the Circuit Court of Greene County against respondent, Kraft General Foods, Inc. (Kraft), alleging that Kraft dis-

An employer shall not discharge, or refuse to hire or otherwise discipline an employee as a result of an order to withhold and pay over certain money [child support] authorized by this section. If any such employee is discharged within thirty days of the date upon which an order to with-

1. This Court does not pass on the propriety of a common law cause of action for wrongful discharge that might be predicated on the apparent public policy of § 454.505.10 and other statutes, a public policy that seeks to discourage employers from discharging employees who are subject to child support withholding orders. At oral argument, counsel for appellant Johnson dis-

claimed any intent to plead a cause of action other than a statutory cause of action under § 454.505.10. An obvious difference between a common law cause of action and the proposed statutory cause of action is that the latter provides for the assessment of attorneys fees as part of the remedy for violation of the statute.

hold and pay over certain money is to take effect, there shall arise a rebuttable presumption that such discharge was a result of such order. This presumption shall be overcome only by clear, cogent and convincing evidence produced by the employer that the employee was not terminated because of the order to withhold and pay over certain money. The director [of the division of child support enforcement] is hereby authorized to bring an action in circuit court to determine whether the discharge constitutes a violation of this subsection. If the court finds that a violation has occurred, the court may enter an order against the employer requiring reinstatement of the employee. Further, the court may enter judgment against the employer for the back wages, costs, attorney's fees, and for the amount of child support which should have been withheld and paid over during the period of time the employee was wrongfully discharged.

■ The statute contains no express provision either establishing or prohibiting a private cause of action. There is, however, an express provision authorizing the Director of the Division of Child Support Enforcement to enforce the statute. This provision brings the case squarely within the rule stated in *Shqeir v. Equifax, Inc.*, 636 S.W.2d 944, 948 (Mo. banc 1982), reiterated last year in *R.L. Nichols v. The Home Insurance Co.*, 865 S.W.2d 665, 666 (Mo. banc 1993), that "[w]hen the legislature has established other means of enforcement, we will not recognize a private civil action unless such appears by clear implication to have been the legislative intent." *Shqeir*, 636 S.W.2d at 948.

This rule is founded on the notion that legislative intent to create a cause of action exclusively in favor of the Division Director is implicit in the statute. The legislature manifested its intent to create such a cause of action by setting out expressly that particular means of enforcement. It follows that the legislature would have manifested its intent in like manner had it intended to create additional or alternative means of enforcement. The failure to do so gives rise to the implication that the Division Director has the exclusive right to bring suit.

The only exception to this rule is recognized where there is a clear indication of legislative intent to establish a private cause of action, despite both the absence of express language to that effect and the presence of "other means of enforcement." In the case at hand, however, the "clear implication" to establish a private cause of action is not present.

Appellant Johnson contends that his status as a member of the class of persons the statute seeks to protect clearly indicates legislative intent to establish a private cause of action in his favor. To be sure, the remedies under the statute afford Johnson direct benefits that include reinstatement and back wages. On the other hand, the *primary* purpose of the statute is obviously to protect children who are entitled to child support payments. Even if Johnson is a member of the protected class of persons under the statute, the legislature has not, by establishing that class, manifested any intention to provide protection to class members by means of a private cause of action. Johnson's "protected class" theory discounts the possibility that the legislature intended nothing more than state enforcement of the statutory violations.

In support of his position, Johnson cites *State ex inf. Ashcroft v. Kansas City Firefighters Local No. 42*, 672 S.W.2d 99, 110 (Mo.App.1984), which in turn relies on § 874A of the *Restatement (Second) of Torts*. That section states:

> When a legislative provision protects a class of persons by proscribing or requiring certain conduct *but does not provide a civil remedy for the violation*, the court may, if it determines that the remedy is appropriate in furtherance of the purpose of the legislation and needed to assure the effectiveness of the provision, accord to an injured member of the class a right of action, using a suitable existing tort action or a new cause of action analogous to an existing tort action.

(Emphasis added.) By its express terms, this section is inapplicable to statutes which provide for a civil remedy. Moreover, while the "protected class" theory endorsed by this provision may be a viable factor in determin-

ing a "clear implication" of legislative intent, it does not, standing alone, negate the implication of exclusivity created by the presence of an expressly stated means of enforcement.

Johnson further argues that a private cause of action is clearly implied where a statute creates rights but provides no corresponding remedies. Although § 454.505.10 specifies an enforcement provision for discharge, it fails to specify enforcement provisions for refusing to hire a prospective employee or for otherwise disciplining an employee, two rights which Johnson argues are also created by the statute. Implicit in the creation of these rights, he explains, is the legislative intent that a remedy should be provided for each of them. Johnson concludes that while a remedy is provided for discharge, the courts, to be consistent, should recognize a private cause of action for violation of all three rights.

The seemingly obvious response to Johnson's position is that the statute only authorizes a specific remedy with regard to discharge, and the lack of a specific remedy for other violations of the statute is irrelevant. The legislature cannot be presumed to have implicitly authorized identical remedies for each of several statutory violations.

Evidence of legislative intent to establish a private cause of action for discharge of an employee is entirely speculative. Because there is no clear implication that a private cause of action was intended, the trial court was correct in sustaining the motion to dismiss for failure to state a claim. The judgment is affirmed.

COVINGTON, C.J., BENTON, THOMAS and ROBERTSON, JJ., and CONLEY, Special Judge, concur.

PRICE, J., concurs in result.

HOLSTEIN, J., not sitting.