**AMERICAN ASSOCIATION OF ORTHODONTISTS,**
Appellant,

v.

**YELLOW BOOK USA, INC., Respondent.**

**No. ED 90777.**

Missouri Court of Appeals, Eastern District.

Nov. 18, 2008.

Application for Transfer to Supreme Court Denied Dec. 29, 2008.

Application for Transfer Denied March 31, 2009.

---

5. I concur in Judge Wolff's concerns regarding the delay in deciding this case.

Mark G. Arnold, Dutro E. Campbell, Husch Blackwell Sanders, LLP, St. Louis, MO, for Appellant.

Mark Sableman, Michael L. Nepple, Thompson Coburn LLP, St. Louis, MO, for Respondent.

KURT S. ODENWALD, Judge.

### Introduction

Plaintiff American Association of Orthodontists (AAO) sued Defendant Yellow Book USA, Inc. (Yellow Book) for unfair competition for Yellow Book's listing of general dentists as orthodontists in its "yellow pages" directories. AAO claims the listing lacks a statutorily required disclaimer that the general dentists are deficient in specialized training and certification as orthodontists. The Circuit Court, St. Louis County, Melvyn W. Weisman, J., granted Yellow Book's motion to dismiss AAO's amended petition requesting an injunction against Yellow Book, and AAO appealed. We affirm.

### Factual and Procedural Background

This lawsuit arises out of Yellow Book's publication of "yellow pages" directories that list businesses and professionals by category. The businesses and professionals pay Yellow Book for their listings in the "yellow pages." During the time in question, Yellow Book's publications in Missouri included separate listings for "Dentists," "Dentists–Orthodontists," and "Orthodontists (Straightening–Braces)." Yellow Book allowed general dentists who practiced orthodontics, but who were not specially licensed in Missouri as orthodontists, to be included in its listing for "Orthodontists."

Chapter 332 of the Missouri Revised Statutes creates the Missouri Dental Board (Dental Board) and sets forth the regulatory scheme for the practice of dentistry within Missouri. Section 332.321.2, RSMo 2000,[1] states the grounds under which the Dental Board may refuse to issue, renew, suspend, or revoke a certificate of registration or license to practice dentistry. A dentist's use of false, misleading, or deceptive advertising is grounds for suspension and revocation under Section 332.321.2(14), which defines false, misleading, and deceptive advertising to include any announcement denoting recognized specialty practices, unless the announcement includes a specific disclaimer of each dentist not licensed as a specialist in Missouri. AAO, a trade organization representing orthodontists, commenced this action seeking injunctive relief against Yellow Book. AAO alleges that Yellow

---

1. All subsequent statutory citations are to RSMo 2000, unless otherwise indicated.

Book's directory listings for general dentists under the heading of "Orthodontists" are false and misleading to consumers regarding the qualifications of non-specialist general dentists because the "yellow pages" listings do not contain the specialty training disclaimer required under Section 332.321.2(14)(f).

Under the same factual background, AAO first sued Yellow Book in 2003 in federal district court, claiming unfair competition and false advertising under the Lanham Act, 15 U.S.C. § 1125(a). The Eighth Circuit affirmed the federal district court's dismissal of AAO's claims for lack of standing, and because AAO's complaint did not state a cause of action. *Am. Ass'n of Orthodontists v. Yellow Book USA, Inc.,* 434 F.3d 1100 (8th Cir.2006).

AAO filed this unfair competition action in Missouri state court on October 9, 2007, alleging that Yellow Book's inclusion of general dentists in its "yellow pages" listing for "Orthodontists" without the disclaimer as to their lack of specialized training and certification constitutes a "false and misleading description of the nature and characteristics of a [g]eneral [d]entist's services, training and qualifications and is an unfair use of the name [o]rthodontist, to which the Yellow Book has knowingly contributed."

Yellow Book removed the case to federal court on grounds of diversity, but the district court remanded the case in an unpublished memorandum and order. *Am. Ass'n of Orthodontists v. Yellow Book USA, Inc.,* 2007 WL 1687259 (E.D.Mo. 2007). On remand, Yellow Book moved to dismiss AAO's amended petition on several grounds, including a lack of private right of action, violation of the First Amendment, res judicata, and that Yellow Book was not a competitor.

Without stating the grounds for its ruling, the trial court granted Yellow Book's motion to dismiss AAO's amended petition "without prejudice but without leave to refile." This appeal follows.

### Points on Appeal

AAO raises four points on appeal. In its first point, AAO alleges the trial court erred in dismissing its amended petition on the ground that no private right of action is available to enforce dental board regulations, because the amended petition stated a claim under the common law cause of action of unfair competition.

In its second point, AAO contends that the trial court's dismissal of its amended petition on the ground that Section 332.321.2(14)(f) violated the First Amendment was error. AAO argues that the First Amendment does not protect the subject advertising because the absence of the required disclaimer makes the advertising false and misleading.

In its third point, AAO asserts the trial court erred in dismissing its amended petition on the ground of res judicata. AAO argues that the federal judgment does not bar this action for two reasons: (a) a dismissal for want of standing is not a judgment on the merits, and (b) litigation regarding the 2003 Yellow Book does not preclude a subsequent action regarding the 2006 or 2007 Yellow Book.

In its final point, AAO contends the trial court erred in dismissing its amended petition on the ground that Yellow Book is not a competitor of orthodontists. AAO argues that Yellow Book, as the publisher of false advertising, is contributorily liable at common law with the general non-specialty dentists placing their advertisements because Yellow Book directly and substantially assisted the false advertisers.

### Standard of Review

■ Appellate review of a trial court's grant of a motion to dismiss is *de novo.*

*Lynch v. Lynch,* 260 S.W.3d 834, 836 (Mo. banc 2008). "When this Court reviews the dismissal of a petition for failure to state a claim, the facts contained in the petition are treated as true and they are construed liberally in favor of the plaintiffs." *Id.* AAO's petition states a cause of action if "its averments invoke principles of substantive law [that] may entitle the plaintiff to relief." *Id., quoting Asaro v. Cardinal Glennon Mem'l Hosp.,* 799 S.W.2d 595, 597 (Mo. banc 1990). Our review of a motion to dismiss for failure to state a claim is solely a test of the adequacy of the plaintiff's petition. *Dooley v. St. Louis County,* 187 S.W.3d 882, 885 (Mo.App. E.D.2006). We make no attempt to weigh any alleged facts to determine whether they are credible or persuasive, but review the petition only to determine if the facts alleged meet the elements of a recognized cause of action or of a cause that might be adopted. *Id.*

When the trial court does not indicate its reason for dismissal, as is the case here, an appellate court will assume the trial court's actions were in accordance with the reasons offered in the motion to dismiss, and its decision will be affirmed if any argument contained in the motion to dismiss can sustain the trial court's dismissal. *State ex rel. Mo. Highway & Transp. Comm'n v. Overall,* 73 S.W.3d 779, 782 (Mo.App. E.D.2002).

### Discussion

The threshold issue to be addressed in this appeal is whether AAO's petition for injunctive relief states a claim. In response to Yellow Book's argument that AAO's petition should be dismissed because no private right of action exists to enforce dental board regulations in Section 332.321 and its implementing regulations, AAO counters that its cause of action against Yellow Book is not premised upon a statutorily created private cause of action, but states a common law claim for unfair competition against Yellow Book. AAO expressly concedes that its suit for injunctive relief against Yellow Book is not based upon any statutory private right of action under Section 332.321. Accordingly, we need not address Yellow Book's arguments in this regard. AAO's fortunes rise or fall on whether its pleading states a cause of action for unfair competition. Because we find that AAO's petition for injunctive relief does not state a common law claim for unfair competition, we affirm the trial court's order granting Yellow Book's motion to dismiss without addressing the remaining points on appeal. We find AAO's first point dispositive of this appeal.

### Unfair Competition Claim

AAO asserts that the essence of a common law claim for unfair competition is the prospect of deceiving customers, citing to *Cornucopia, Inc. v. Wagman,* 710 S.W.2d 882, 882 (Mo.App. E.D.1986). While we agree that deception, whether actual or probable, is at the core of a claim for unlawful competition, we note that case law discussion and analysis of this type of claim has been generally raised in the context of a party's alleged use of a "trade name" or other confidential information. For example, in *Pan American Realty Corp. v. Forest Park Manor, Inc.,* 431 S.W.2d 144 (Mo.1968), the Missouri Supreme Court discussed unfair competition in its review of the lower court's judgment in favor of a defendant in an action to enjoin the defendant from conducting its business under a name alleged to be an imitation of the plaintiff's name. There, the court set forth the general standards for determining unfair competition that

either actual or probable deception must be shown, the true test of unfair competition being whether the defendant's acts are such as are calculated to deceive the

ordinary buyer making his purchases under the ordinary conditions which prevail in the particular trade to which the controversy relates.

*Id.* at 149, *quoting* 87 C.J.S. Trade-marks, Etc. s 92, p. 325.

The Western District Court of Appeals reviewed a case alleging unfair competition in the use of trade names and trademarks in *Missouri Federation of the Blind v. National Federation of the Blind of Missouri, Inc.*, 505 S.W.2d 1 (Mo.App. W.D. 1973). There, the appellate court affirmed the trial court's grant of injunctive relief to the plaintiff based on a likelihood of confusion between the names of the national society and state society. *Id.* at 6–7.

Additionally, the Southern District Court of Appeals applied the principles of the law of unfair competition in evaluating a defendant's argument that part of its name was descriptive of a geographical place and could not be exclusively appropriated as a trade name. *Cushman v. Mutton Hollow Land Dev., Inc.*, 782 S.W.2d 150 (Mo.App. S.D.1990). The court attempted to describe "the elusive nature of the concept of unfair competition" and discussed its purpose "to effect honesty among competitors by outlawing all attempts to trade on another's reputation—it gives the crop to the sower and not to the trespasser. In so doing it strives to protect the buying public from deception." *Id.* at 157. *quoting Shrout v. Times,* 260 S.W.2d 782, 788 (Mo.App.1953). The appellate court noted that although general principles of unfair competition run through cases, each case must be judged on its own particular facts when determining whether unfair competition exists. *Id.* at 158.

In *Dynamic Sales Co., Inc. v. Dynamic Fastener Service, Inc.*, 803 S.W.2d 129 (Mo.App. E.D.1990), this Court affirmed the circuit court's judgment denying a petition for injunctive relief based on trade name infringement and common law unfair competition because of the absence of evidence supporting a likelihood of confusion over the use of the term "dynamic," and the plaintiff's failure to show a secondary meaning of "dynamic" "by evidence that the mark has become associated in the *mind of the public* as identifying *the source* of the goods or services." *Id.* at 132.

This Court further discussed the cause of action of unfair competition in the context of a party's use of restrictive covenants, trade secrets, and customer contacts in *Schmersahl Treloar & Co., P.C. v. McHugh,* 28 S.W.3d 345 (Mo.App. E.D. 2000). It is in this context, and in the context of the use of trade names, that Missouri courts often have considered claims for unfair competition under the common law.

We have not found, nor has AAO cited, any Missouri case squarely on point with facts of this case. This case involves not the use of a trade name, but the use of a general term describing a particular type of service provided by dentists. AAO argues that the use of advertising that is false, misleading, or deceptive constitutes unfair competition if there is actual or probable deception, even if the advertising does not involve the use of trade names, trade secrets, or other confidential information. The sole basis of AAO's claim of unfair competition against Yellow Book is its "yellow pages" listings of general non-specialty dentists under a heading of "Orthodontists," which are not in compliance with the advertising restrictions placed on persons licensed by the Dental Board—specifically, dentists.

Section 332.321.2, states, in pertinent

part, that the Dental Board [2]

may cause a complaint to be filed with the administrative hearing commission as provided by chapter 621, RSMo, against any holder of any permit or license required by this chapter or any person who has failed to renew or has surrendered his or her permit or license for any one or any combination of the following causes:

... (14) Use of any advertisement or solicitation that is false, misleading or deceptive to the general public or persons to whom the advertisement or solicitation is primarily directed. False, misleading or deceptive advertisements or solicitations shall include, but not be limited to:

... (f) Any announcement containing any of the terms denoting recognized specialties, or other descriptive terms carrying the same meaning, unless the announcement clearly designates by list each dentist not licensed as a specialist in Missouri who is sponsoring or named in the announcement, or employed by the entity sponsoring the announcement, after the following clearly legible or audible statement: "Notice: the following dentist(s) in this practice is (are) not licensed in Missouri as specialists in the advertised dental specialty(s) of _____"

Section 332.321.2(14)(f).

Similarly, regulations enacted pursuant to Chapter 332 provide for enforcement of the statutory requirements imposed on the licensees by the Dental Board. The regulations provide, in part:

(4) It is the function of the board to—

(A) Determine the qualifications of applicants for licensure to practice the profession of dentistry and dental hygiene in this state; and

(B) Issue licenses to those persons who meet the standards of professional competence set forth in the statutes and as determined at the discretion of the board.

(5) The board is further charged with maintaining high standards of professional competence and ethical conduct among members of the dental profession.

(6) The board may investigate complaints brought to its attention against licensees and, upon a finding that a violation of Chapter 332 has occurred, may cause a formal complaint against a licensee to be filed before the Administrative Hearing Commission seeking a determination of whether the licensee is subject to disciplinary action specified in section 332.321, RSMo.

. . .

(10) The public may obtain information from the board, or make submissions or requests to the board, by writing the executive director of the board.

20 CSR 2110–1.010.

AAO argues that a legislature's determination as to what constitutes false advertising may serve as a foundation for a claim of unfair competition. In support of its argument, AAO cites the Restatement (Third) of Unfair Competition, Section 1, comment g, which states:

An act or practice is likely to be judged unfair only if it substantially interferes with the ability of others to compete on the merits of their products or otherwise conflicts with accepted principles of public policy recognized by statute or common law.

2. Section 332.011(3) defines "board" as used in Section 332.321 as the Missouri dental board.

Because the Missouri legislature has determined that dentists without specialized licenses may be subject to disciplinary proceedings by the Dental Board if they advertise a specialty practice without placing the required disclaimer in their advertising, AAO posits that Yellow Book's directory listings conflict with accepted principles of public policy recognized by statute, and therefore, such listings constitute common law unfair competition in Missouri.

### Directory Listings Are Not Misleading

First and foremost, the directory listings about which AAO complains are not misleading to the consuming public. It is undisputed that, under Missouri law and the regulatory scheme for licensing dentists, a general dentist may, within the scope of his or her license, provide orthodontic services under Missouri law, regardless of whether he or she receives additional specialized training in that field. See Section 332.081 (restricting the practice of dentistry in Missouri to licensed dentists) and Section 332.071 (defining a person who "practices dentistry" to include a person who "... (4) Attempts to or does correct malformations of human teeth or jaws; [or] (5) Attempts to or does adjust an appliance or appliances for use in or used in connection with malposed teeth in the human mouth").

We agree that persons who advertise a service that they are unable to provide, or which they may not lawfully provide, mislead the consuming public when they hold themselves out to provide such service. However, such is simply not the case here. A general dentist in Missouri is not required to undertake any additional specialized training to perform orthodontic services. Without such a requirement, we fail to see how the listing of general dentists, who actually offer and perform orthodontic services, under the heading of "Orthodontists" is misleading or otherwise deceptive.

Deception is the true test of unfair competition. Cornucopia, 710 S.W.2d at 888 ("... actual or probable deception must be shown, the true test of unfair competition being whether the defendant's acts are such as are calculated to deceive the ordinary buyer making his purchases under the ordinary conditions which prevail in the particular trade to which the controversy relates.") (citations omitted). The advertising at issue here is not misleading or deceptive to a consumer because general dentists who perform orthodontic services may truthfully list themselves under the heading "Dentists–Orthodontists." There is simply nothing deceptive in such listing in the context of an action for unfair competition. The fact that the legislature has imposed certain requirements within a specialized profession, and has provided for disciplinary action to be taken within that profession by an administrative and oversight board, does not make the advertising at issue misleading or deceptive in the broader sense required for a claim of unfair competition discussed by this Court in Cornucopia. Yellow Book's directory listings at issue are not misleading or deceptive, and do not constitute the type of deceptive advertising necessary to state a claim of common law unfair competition. Even treating AAO's pleaded facts as true and liberally construing them in favor of AAO, as we must, we fail to find any way in which AAO's claims properly invoke principles of substantive law within an unfair competition action.

### Directory Listings Do Not Conflict with Public Policy

AAO recognizes that, without Section 332.321.2(14)(f), it could not possibly argue that Yellow Book's dental listings are deceptive, and fall within the common law cause of action for unfair

competition. While acknowledging that Section 332.321 does not create a private cause of action, AAO asserts that its petition states a claim for unfair competition because the petition alleges that Yellow Book's directory listings without the disclaimer conflicts with accepted principles of public policy recognized by Section 332.321.[3]

In addition to its reliance on the Restatement (Third) of Unfair Competition, Section 1, comment g, AAO cites *Johnson v. Kraft General Foods, Inc.*, 885 S.W.2d 334 (Mo. banc 1994), as support for its argument. In *Johnson*, a discharged employee brought suit against his former employer for its alleged violation of Section 454.505.10, RSMo 1992, in response to a wage-withholding order obtained by the employee's former spouse to satisfy a child support obligation. Section 454.505.10 makes it unlawful for an employer to discharge an employee as a result of an order to withhold and pay over child support. *Id.* at 335. The statute allowed for the director of the division of child support enforcement to bring an action to determine whether a discharge constitutes a violation of the statute, but contained no express provision establishing or prohibiting a private cause of action. *Id.* at 336. The Missouri Supreme Court stated, in dicta, that it "does not pass on the propriety of a common law cause of action for wrongful discharge that might be predicated on the apparent public policy" of the statute at issue, which "seeks to discourage employers from discharging employees who are subject to child support withhold-

ing orders." *Id.* at 335 n. 1. The Court thus left open for courts to consider whether a common law cause of action might be based on the apparent public policy of a statute. The Court found no private cause of action, but noted that the employee expressly disclaimed any intent to plead a cause of action other than the statutory cause of action. *Id.*

■ AAO also argues that *Carter v. St. John's Regional Medical Center*, 88 S.W.3d 1 (Mo.App. S.D.2002), supports its argument that a statutory violation may serve as the predicate for a common law action, regardless of whether the plaintiff has a private right of action under the statute. In *Carter*, the plaintiff alleged the medical center's conduct was improper because it violated a statute requiring hospitals to furnish medical records to patients. *Id.* at 14. On appeal, the medical center argued that the plaintiff was "not within the class of persons sought to be protected by [the statute]." *Id.* at 15. The Southern District Court of Appeals held that fact was irrelevant because the statutory violation was a "wrongful act recognized by statute" and hence tortious. *Id.* at 14. However, we note a critical distinction between *Carter* and the case before us. In *Carter*, the statute at issue imposed an express duty on the medical center to furnish medical records. *Id.* No such duty or requirement on Yellow Book can be found within Section 332.321. Section 332.321 cannot impose any duty on Yellow Book because Yellow Book does not fall within the class of persons regulated under Section 332.321. AAO fails in its

---

**3.** The Missouri Supreme Court has held that a statute that "creates a criminal offense and provides a penalty for its violation, will not be construed as creating a new civil cause of action independently of the common law, unless such appears by express terms or by clear implication to have been the legislative intent...." *Shqeir v. Equifax, Inc.*, 636 S.W.2d 944, 947 (Mo. banc 1982). If the plaintiff can establish from the express terms of the statute or by the clear implication of legislative intent that one purpose in enacting the penal statute was to create a new civil cause of action independent of the common law, then the statute can provide the basis for a civil cause of action. *Christy v. Petrus*, 365 Mo. 1187, 295 S.W.2d 122, 126 (1956).

argument that the legislature's public policy pronouncement in Section 332.321.2(14)(f) legitimizes its claim of unfair competition against Yellow Book because the public policy implications of the statute are limited to the class of persons intended to be regulated by the clear and unambiguous language of the statute, in this case, persons licensed to practice dentistry in Missouri. "Courts lack authority to 'read into a statute a legislative intent contrary to the intent made evident by the plain language.' There is no room for construction even when the court may prefer a policy different from that enunciated by the legislature." *Keeney v. Hereford Concrete Prods., Inc.,* 911 S.W.2d 622, 624 (Mo. banc 1995) (citations omitted).

We agree with AAO that in Missouri, "the legislature is best equipped" to make "a public policy decision." *Powell v. Am. Motors Corp.,* 834 S.W.2d 184, 189 (Mo. banc 1992). We disagree, however, that that the public policy decision made here by the legislature was to regulate Yellow Book and its decision regarding the advertising of specialty dental services within its publications. The public policy found within Section 332.321, if any, is the regulation of dentists licensed by the Dental Board. This public policy is evidenced by limiting the scope and enforcement of Section 332.321 when the statute provides that the *Dental Board* may file a complaint against a *dentist* for his or her false, misleading or deceptive advertising. The statute regulates only dentists, and creates a regulatory means for enforcing the requirements of the statute against only dentists. This public policy does not constitute any regulation of Yellow Book, which allows general dentists to advertise the services said dentists are permitted by law to provide.[4] We find the language of the implementing regulations equally supportive in providing for enforcement by only the Dental Board, and via actions against only licensees, or dentists. *See* 20 CSR 2110–1.010. Because the advertising is not untruthful, misleading, or deceptive, we find no public policy considerations affected in regulating nondentists such as Yellow Book. To extend the reach of Section 332.321 beyond the regulation of dentists, or to extend enforcement of the statutory restrictions beyond dentists would require a private cause of action, which AAO acknowledges was not created by Section 332.321. We do not find Yellow Book's actions in accepting or organizing its advertisements in conflict with Missouri public policy as acknowledged by Section 332.321. Accordingly, without a public policy finding in the statute, the actions alleged in AAO's petition do not state a claim for unfair competition.

### *Injunctive Relief Claim*

AAO seeks a permanent injunction prohibiting Yellow Book and "those in active concert with it" from publishing the Yellow Book directory without including the statutory disclaimer. An injunction is an extraordinary and harsh remedy and should not be granted when there is an adequate remedy at law. *McDonald v. City of Brentwood,* 66 S.W.3d 46, 49 (Mo.App. E.D.2001). Here, AAO has an adequate remedy at law. AAO has the legal right and ability using the administrative procedures set forth in Section 332.321 and its regulations, to file a complaint with the Dental Board regarding any licensed dentist it believes is in violation of Section 332.321.2(14)(f).

4. AAO argues that under the *Restatement of Unfair Competition,* Section 7(1), Yellow Book as a publisher is contributorily liable, with the general dentists, "by supplying materials or rendering services to a third person," and "directly and substantially assists the third person in making a representation that subjects the third person to liability to another for deceptive marketing . . ."

Because AAO admits that no private cause of action exists under Section 332.321, and because we find that the public policy of Section 332.321 does not extend to AAO a right of action under the guise of an unfair competition claim, we find that the trial court properly dismissed AAO's petition for failure to state a claim. In reviewing the trial court's dismissal under the proper standard, and assuming that the trial court's actions were in accordance with Yellow Book's argument that AAO's petition lacks a private right of action, the trial court's dismissal is affirmed. *Overall,* 73 S.W.3d at 782. Because we find that the trial court appropriately dismissed AAO's petition for failure to state a claim, we need not address AAO's remaining points on appeal.

*Conclusion*

The judgment of the trial court is affirmed.

ROBERT G. DOWD, JR., P.J., and ROY L. RICHTER, J., concur.