

# In the Missouri Court of Appeals
# Eastern District

## DIVISION ONE

| | |
|---|---|
| THOMAS SULLIVAN, ET AL., | ) No. ED111084 |
| | ) |
| Appellants, | ) Appeal from the Circuit Court of |
| | ) St. Louis County |
| vs. | ) |
| | ) Honorable Krista Peyton |
| CITY OF UNIVERSITY CITY, ET AL., | ) |
| | ) |
| Respondents. | ) Filed: August 22, 2023 |

## Introduction

Thomas Sullivan and David Harris ("Appellants") appeal the circuit court's judgment dismissing with prejudice their first amended petition for a declaratory judgment against University City and numerous individual respondents ("Respondents"). Appellants raise six points on appeal. In Point I, Appellants argue their petition sufficiently stated a cause of action. In Point II, Appellants argue University City was a proper defendant. In Point III, Appellants argue their petition sufficiently stated a cause of action under section 115.646,[1] which prohibits public officials expending public funds to advocate for or against any ballot measure. In Point IV, Appellants argue their claim is not moot. In Point V, Appellants argue their claim fits the public

---

[1] All statutory references are to RSMo Cum. Supp. 2021, unless otherwise indicated.

interest exception to mootness. In Point VI, Appellants argue the trial court erred in dismissing their petition with prejudice, because this disposition was "too harsh."

Because Appellants do not have a private cause of action under section 115.646, we deny Point III. Because a trial court does not abuse its discretion in dismissing a petition with prejudice when any amendment would be futile, we deny Point VI. Because Points III and VI are dispositive, we decline to address Appellants' remaining points.

We affirm.

## Factual and Procedural History

Appellants describe their case as a "taxpayer suit against a municipality and its officials." The suit concerns Proposition F, a ballot measure in University City. On March 24, 2022, Appellants filed a petition for a temporary restraining order, preliminary injunction, and permanent injunction. Appellants pled they are taxpayers in University City and the ballot measure, set for a public vote on April 5, 2022, would have raised the local sales tax by one quarter of one percent. Appellants alleged University City officials used public funds to employ Creative Entourage Agency, LLC to generate support for the proposal. Appellants alleged Creative Entourage agreed to produce promotional materials including "a brochure, slides, postcards, emails, text messages, social media posts, advertisements, a station banner, and videos." Appellants alleged "[t]he estimated cost of the work to be performed by Creative Entourage is $41,000." Appellants alleged the sums paid to Creative Entourage "have been or will be used to advocate or support the passage of Proposition F," rather than mere informational purposes. Appellants pled any use of public funds to promote Proposition F "would violate Section 115.646." Appellants requested the trial court enjoin Respondents from paying or reimbursing with public funds Creative Entourage or others to promote Proposition F and to cease using materials already created.

2

On April 1, 2022, after a hearing, the trial court denied Appellants' relief on all counts, finding they did not demonstrate immediate and irreparable injury, immediate harm, or a sufficient likelihood of success on the merits. The trial court also found the "materials [Appellants] complain of have all been distributed," the videos and website have been viewed, and "[n]o additional monies will be paid and no additional materials are being prepared."

On April 3, 2022, Appellants filed their first amended petition, seeking, instead of injunctive relief, "a declaratory judgment that the direct expenditure of public funds by the city's public officials" to promote Proposition F violated section 115.646. Appellants describe this filing as "almost identical" to its March 2022 petition, but sought declaratory judgment instead of injunctive relief. Proposition F failed on April 5, 2022. After the election, Respondents moved to dismiss Appellants' first amended petition, alleging: (1) the petition failed to state a claim on which relief could be granted because Appellants' claim is moot; (2) Appellants have no private right of action[2] under section 115.646; (3) section 115.646 does not apply to government entities, only to public officials; and (4) Respondents did not violate section 115.646. The trial court sustained Respondent's motion and dismissed Appellants' first amended petition with prejudice.

Appellants moved to amend the judgment, requesting the trial court state its reasoning for the dismissal, dismiss their petition without prejudice, and grant them sixty days to file an amended petition. The trial court sustained Appellants' motion to amend its judgment in part to provide their petition was "insufficient and would not entitle [Appellants] to relief, given that there is no private cause of action under §115.646 RSMo. coupled with the election of Proposition F having occurred several months ago." The trial court denied Appellants' request to amend its judgment to issue a dismissal without prejudice and denied their request for leave to amend their amended petition.

---

[2] The parties alternatively refer to a "private cause of action" and a "private right of action."

The trial court found Appellants "have not provided a viable amended petition or articulated how an amended petition would address the myriad of deficiencies" raised in the motion to dismiss.

This appeal follows.

## Standard of Review

We review the trial court's grant of a motion to dismiss *de novo*. *Vinson v. Mo. Comm'n on Hum. Rts*, 622 S.W.3d 218, 221 (Mo. App. E.D. 2021) (citing *Lang v. Goldsworthy*, 470 S.W.3d 748, 750 (Mo. banc 2015)). We review all grounds raised in the motion to dismiss, and we will affirm if the dismissal can be sustained on any of those grounds. *Id.* (citing *Foster v. State*, 352 S.W.3d 357, 359 (Mo. banc 2011)). A motion to dismiss for failure to state a cause of action is solely a test of the adequacy of the plaintiff's petition. *Green Tree Servicing, LLC v. Chicago Title Ins. Co.*, 499 S.W.3d 771, 774 (Mo. App. E.D. 2016) (citing *Otte v. Edwards*, 370 S.W.3d 898, 900 (Mo. App. E.D. 2012)). We assume the plaintiff's averments are true and liberally grant all reasonable inferences to the plaintiff. *Id.* A motion to dismiss for failure to state a claim assesses whether the petition alleged facts giving rise "to a *cognizable cause of action* or of a cause that might be adopted." *Graves v. Mo. Dep't of Corr., Div. of Prob. & Parole*, 630 S.W.3d 769, 772 (Mo. banc 2021) (citing *State ex rel. Henley v. Bickel*, 285 S.W.3d 327, 329 (Mo. banc 2009)) (emphasis added).

"The primary rule of statutory construction is to ascertain the intent of the legislature from the language used, to give effect to that intent if possible, and to consider words used in the statute in their plain and ordinary meaning." *Anani v. Griep*, 406 S.W.3d 479, 482 (Mo. App. E.D. 2013) (quoting *City of Willow Springs v. Mo. State Librarian*, 596 S.W.2d 441, 445 (Mo. banc 1980)). Provisions "not plainly written in the law, or necessarily implied from what is written, should not be added by a court under the guise of construction to accomplish an end the court deems

4

beneficial." *Id.* (quoting *Harrison v. MFA Mut. Ins*. Co., 607 S.W.2d 137, 143 (Mo. banc 1980)). "This Court's obligation is to examine the language used by the legislature, not to supply what the legislature omitted by engrafting additional language into the statute." *Mo. State Conf. of NAACP v. State*, 607 S.W.3d 728, 733 (Mo. banc 2020).

A trial court's dismissal with prejudice will not be disturbed absent a finding of clear abuse of discretion by the trial court. *Dorris v. Mo. Substance Abuse Couns. Certification Bd*., *Inc*., 10 S.W.3d 557, 559 (Mo. App. W.D. 1999). Judicial discretion is abused only where the trial court's ruling is clearly against the logic of the circumstances before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration. *Id.* (citing *Speck v. Union Elec. Co*., 731 S.W.2d 16, 22 (Mo. banc 1987)).

**Discussion**

*Point III: Private Right of Action*

*Party Positions*

In their third point, Appellants argue the trial court erred in dismissing their first amended petition because they believe section 115.646 provides taxpayers as a protected class with a private right of action to sue to enforce its provisions. Appellants maintain such a right must be implied for the statute to achieve its purpose because the statute prohibits both purposeful conduct, which constitutes a crime, and non-purposeful conduct, which is prohibited but not criminalized. Appellants further argue the statutory enforcement mechanisms the legislature has provided the Secretary of State and the Missouri Ethics Commission are permissive and not mandatory. Accordingly, Appellants urge this Court to fashion a remedy for taxpayers to further the purpose and ensure the effectiveness of section 115.646.

Respondents contend the trial court appropriately dismissed Appellants' amended petition with prejudice because taxpayers do not have a private right of action under section 115.646 in that the legislature did not provide one expressly or by clear implication. Respondents argue a declaratory judgment action cannot serve as a basis for relief when the party seeking the declaration does not have a direct cause of action concerning the matter at issue. Respondents further contend the legislature's establishment of other means of express enforcement by the Secretary of State and the Missouri Ethics Commission of alleged violations underscores the implication of the exclusivity of this remedy. Because the legislature could, but did not, manifest its intent to create additional or alternative means of enforcement, Respondents argue the designated administrative agency had the exclusive right to sue, even in light of "permissive language" which in no way suggests or implies a private cause of action.

*Analysis*

Section 115.646 provides:

> No contribution or expenditure of public funds shall be made directly by any officer, employee or agent of any political subdivision . . . . to advocate, support, or oppose the passage or defeat of any ballot measure or the nomination or election of any candidate for public office, or to direct any public funds to, or pay any debts or obligations of, any committee supporting or opposing such ballot measures or candidates. . . . Any purposeful violation of this section shall be punished as a class four election offense.

Appellants argue they have a private right of action to sue under section 115.646 because the section is "not just a criminal statute." Appellants reason "[b]y making a 'purposeful violation' of the statute a criminal offense, the legislature draws a distinction between such a violation and one that is not 'purposeful.'" Appellants cite *City of Maryland Heights v. State*, 638 S.W.3d 895 (Mo. banc 2022), a case in which county officials sued the State, seeking a declaration that section 115.646, RSMo 2016, was unconstitutional. The Missouri Supreme Court noted

6

section 115.646 is intended to prohibit the use of public funds for "express advocacy," which is a narrow category of conduct under the First Amendment. *Id.* at 900 n.6. The Court also observed the case concerned a declaratory judgment action, not an enforcement action, and in the latter case, it "likely would have been asked to infer a scienter requirement in section 115.646 such that a violation of the statute would not be subject to criminal sanctions unless the violation was purposeful." *Id.* at 900 n.7.[3]

We find Appellants' reliance on *Maryland Height*s to support their position unpersuasive. We disagree that, because section 115.646 prohibits both purposeful and non-purposeful conduct, the legislature has left a gap in enforceable misbehavior. Nor can we reconcile Appellants' position with *Maryland Heights*' holding "[p]lainly, section 115.646 is intended to prohibit using public funds for what the United States Supreme Court called 'express advocacy' . . . . " 638 S.W.3d at 900 n.6 (quoting *Buckley v. Valeo*, 424 U.S. 1, 96 (1976)). *Maryland Heights* noted express advocacy consists of "express words of advocacy of election or defeat, such as 'vote for,' 'elect,' 'support,' 'cast your ballot for,' … 'vote against,' 'defeat,' or reject.'" *Id.* Appellants conceded at oral argument the Proposition F promotional materials did not constitute "express advocacy" within the meaning of *Maryland Heights*.

We decline to depart from the general rule that "when the legislature has established other means of enforcement, we will not recognize a private civil action unless such appears by clear implication to have been the legislative intent." *Johnson v. Kraft Gen. Foods, Inc.*, 885 S.W.2d 334, 336 (Mo. banc 1994) (citing *Shqeir v. Equifax, Inc.*, 636 S.W.2d 944, 948 (Mo. banc 1982)). "[T]he legislature would have manifested its intent in like manner had it intended to create

---

[3] The Court further noted, "And the decision whether to infer such a requirement in the original version would have been informed by the legislature's decision to make that requirement explicit in 2021." *Id*.

7

additional or alternative means of enforcement." *Id*. Conversely, when the legislature does not manifest this intent, the designated agency has the exclusive right to sue. *Id*.

This Court recently restated the general rule "when a statute includes measures establishing enforcement of its provisions, courts will not recognize a private right of action for the violation of that statute, except where the statute indicates legislative intent to establish a private cause of action." *Parke v. Progressive Cas. Ins. Co*., 613 S.W.3d 428, 431-32 (Mo. App. E.D. 2020) (citing *Dierkes v. Blue Cross & Blue Shield of Mo*., 991 S.W.2d 662, 667 (Mo. banc 1999)). In *Parke*, we acknowledged a civil-criminal dichotomy, but our reasoning emphasized the criminal penalties in the statute under review were "not adequate to address the civil interests of individuals harmed by a purchaser's failure to comply with the salvage statutes." *Id*. at 433. We compared this to *Johnson*, which determined "statutory penalties of reinstatement and back wages adequately protected interests of employee harmed by employer's violation of a statute prohibiting discharge due to wage-withholding orders." *Id*. at 432–33 (citing *Johnson*, 885 S.W.2d at 336).

In *Parke*, the plaintiff "did not bring suit claiming a private right of action under the statute itself." *Id.* at 432. Instead, the plaintiff "sought remedy for fraudulent non-disclosure, which falls under the common law claim of fraudulent misrepresentation," asserting the defendant failed to disclose information "despite its statutory obligation to do so under Section 301.227.1, resulting in damages" to the plaintiff. *Id.* We noted for the plaintiff to "make a submissible claim of fraudulent non-disclosure," he had to prove the defendant "remained knowingly silent about something it had a duty to disclose." *Id.* Likewise, in *Dierkes*, the plaintiffs sued not "solely for [defendant's] violation of section 376.874," but "for, among other things, fraud, breach of contract, unjust enrichment, and breach of duty of good faith, claims existing independent of the foregoing statute." *Dierkes*, 991 S.W.2d at 668.

Here, Appellants' suit concerns solely a violation of section 115.646. Appellants have not demonstrated taxpayers' interests are not protected adequately by the remedies provided by the legislature. Here, the legislature promulgated section 115.642, Cum. Supp. 2020, which provides "[a]ny person may file a complaint with the secretary of state …" concerning violations of "any provisions" of section 115.646. §115.642.1. The Secretary of State may issue a probable cause statement "[i]f reasonable grounds appear that the alleged offense was committed" and "may refer the offense to the appropriate prosecuting attorney." §115.642.2. The Secretary of State is empowered to "aid" any prosecutorial effort commencing or prosecuting election offenses provided in section 115.646. §115.642.3. Further, the Secretary of State "may investigate any suspected violation" of section 115.646. §115.642.4(1)-(2). Similarly, the Missouri Ethics Commission has the authority to receive complaints concerning "provisions of the constitution or state statute or order, ordinance or resolution of any political subdivision relating to the official conduct of officials or employees of the state and political subdivisions." §105.957.1(6), RSMo 2016. The Missouri Ethics Commission shall determine whether there are reasonable grounds for belief a violation has occurred, §105.961.1(1), and "shall refer the report for prosecutorial review "for recommendation to the court having criminal jurisdiction…" when those reasonable grounds reveal a violation of any criminal law has occurred. §105.961.2.

Appellants contend section 115.646's "permissive language" leaves the exclusivity of this method of enforcement in doubt. For example, Appellants argue citizens "may" file complaints with the Secretary of State, who "may" issue a probable cause statement upon reasonable grounds. Because it "appears that there is nothing the secretary can do, other than to issue 'a probable cause statement'" if the violation is not a crime, Appellants contend "there must be some other method to enforce a non-criminal violation of the statute." To support their argument, Appellants rely on

9

*Star Development Corporation v. Urgent Care Associates, Inc.*, which holds, "[u]se of the word 'may' in a statute implies alternate possibilities and that the conferee of the power has discretion in the exercise of the power." 429 S.W.3d 487, 495 (Mo. App. W.D. 2014) (quoting *State ex rel. Nixon v. Boone*, 927 S.W.2d 892, 897 (Mo. App. W.D. 1996)); see also *S.J.V. by Blank v. Voshage*, 860 S.W.2d 802, 804 (Mo. App. E.D. 1993) (stating "may" in a statute "implies alternate possibilities and that the conferee of the power . . . has discretion in the exercise of the power."). Appellants further contend by using the word "may," the legislature "clothes the secretary of state with unlimited discretion in deciding whether to seek enforcement of the prohibition against campaigning with public funds."

Although Appellants persuasively contend their status as taxpayers means they are members of a protected class, our courts have warned "[i]f mere membership in the protected class were a sufficient basis on which to permit a private right of action, then every statute could be privately enforced if the suit were brought by the proper plaintiff." *Neighbors Against Large Swine Operations v. Continental Grain Co.*, 901 S.W.2d 127, 131 (Mo. App. W.D. 1995). Instead, Appellants must show a "plus factor," or "some additional proof of the fundamental requirement that the legislature *intended* private enforcement," to establish their purported right of action. *Id.* (citing *Johnson*, 885 S.W.2d at 336). They have not.

Appellants make no credible effort to satisfy the *additional proof* necessary to determine they have a private right of action. Instead, they cite several cases which do not support their position. *Star Development* does not support Appellants' insistence the Secretary of State's discretion under section 115.642 to issue a probable cause statement suggests private parties may bring their own actions to remedy violations of section 115.646. 429 S.W.3d at 495. *Star Development* construed a landlord-tenant statute providing a party "may terminate a month-to-

10

month tenancy" with notice. *Id*. (quoting § 441.060.4(1)). Observing the use of "may" implies alternatives and discretion, the Western District held the discretionary power in that section is "the power to terminate the month-to-month tenancy, not the power to choose the method by which to terminate the month-to month tenancy." *Id*. In other words, *Star Development* held the statute empowered a party, at their discretion, to terminate a month-to-month tenancy. *Id.* But if that party did so, they had to follow the method prescribed by the statute. *Id.*

To the extent *Star Development* applies to this case, it does not support Appellants' position. Under section 115.642, using "may" implies the Secretary of State has discretion to file a probable cause statement upon a citizen's complaint. But, like a landlord or tenant terminating a month-to-month tenancy, the Secretary's election to do so must follow the procedure set out by statute. *Id.* Nothing in *Star Development* or chapter 115 implies Appellants may pursue a remedy on their own using a method of their choice. On this issue, *Star Development* speaks for itself: "[t]o interpret Section 441.060.4(1) as giving the parties discretion as to how to terminate the month-to-month tenancy, e.g., by written notice, by oral notice, or by no notice whatsoever, would essentially render the statute meaningless." *Id*. at 496. *Boone*, on which *Star Development* based its analysis, is another case which determined "may" is permissive but invites no party to bring any action it wants. 927 S.W.2d at 897.

Appellants likewise take issue with the remedy to file a complaint with the Missouri Ethics Commission alleging a public official has violated section 115.646. Appellants argue this procedure does not preclude a taxpayer suit because "[t]he legislature clearly intended the remedy of filing with the Missouri Ethics Commission for violations by public officials to be in addition to other remedies provided," citing *Gerrard v. Board of Election Commissioners*, 913 S.W.2d 88,

11

90 (Mo. App. E.D. 1995). Appellants argue this statement means the right to file such a complaint does not preclude a taxpayer suit.

We are unpersuaded by Appellants' reading of *Gerrard*. While *Gerrard* found one remedy did not preclude other *existing* remedies, it does not support Appellants' position they have a private right of action as taxpayers under section 115.646. *Id. Gerrard* held a statute providing courts "may" order a new election upon finding significant irregularities clearly was intended by the legislature "to be in addition to other remedies provided." *Id.* Appellants do not cite an existing right of action that is not "precluded" by this reasoning, and our holding one remedy does not preclude another remedy does not mean a taxpayer can claim the existence of an unstated remedy of their own. Here, another remedy exists: filing a complaint with the Secretary of State under section 115.642.

Appellants urge this Court to fashion a remedy "appropriate to further the purpose and ensure the effectiveness" of section 115.646, citing *American Eagle Waste Industries, LLC v. St. Louis County*, 379 S.W.3d 813, 830 (Mo. banc 2012). Appellants contend, because taxpayers have a legally protected interest in the proper use and expenditure of tax dollars, they should be afforded a private right of action under section 115.646.

Appellants' reliance on *American Eagle* is misplaced. There, the Missouri Supreme Court reviewed a statute requiring government entities endeavoring to expand their solid waste services into "an area where the collection of solid waste is presently being provided by one or more private entities" to notify those private entities. 379 S.W.3d at 830. The Court observed the statute "does not provide an express remedy for its violation," and "[w]hen a legislative provision protects a class of persons by the requirement or proscription of certain conduct" but does not provide a civil

12

remedy, courts may, where appropriate "to further the purpose and ensure the effectiveness of the enactment," provide the "injured member of the class a right of action." *Id.*

Appellants do not demonstrate this reasoning applies to taxpayers, who are not mentioned in section 115.646. The Court in *American Eagle* reasoned "the clear implication" of the statute was "a right to damages in this situation." *Id*. at 831. Appellants do not demonstrate a comparable implication here. The Court also restated the principle courts are often "reticent to recognize private causes of action where the legislature has established remedies via other means of enforcing statutory obligations." *Id*. at 830. (citing *Shqeir*, 636 S.W.2d at 948). The Court specifically noted it previously has "declin[ed] to recognize a private right of action where a statute authorized a state official to impose a penalty …." *Id*. (citing *Shqeir*, 636 S.W.2d at 948). Here, Section 115.646 can be enforced by either the Secretary of State, a local prosecutor, or the Missouri Ethics Commission.

In contending section 115.646 warrants a private right of action for taxpayers, who undoubtedly "have a legally protectable interest in the proper use and expenditure of tax dollars," Appellants rely on *Cope v. Parson*, a case providing taxpayer standing "permits challenges in areas where no one individual otherwise would be able to allege a violation of the law," and observes taxpayers "must have some mechanism of enforcing the law." 570 S.W.3d 579, 583-84 (Mo. banc 2019) (citing *Lebeau*, *v. Com'rs of Franklin Cnty., Mo.*, 422 S.W.3d 284, 288–89 (Mo. banc 2014)). Appellants fail to demonstrate this authority supports a private right of action where the legislature has provided citizens the ability to file an allegation of a violation of the law with a government agency. Appellants do not demonstrate the legislature expressed an intent to create the private right of action they claim.

Appellants admit the legislature has provided a method by which the Secretary of State, upon the complaint of a citizen, may investigate a possible violation of section 115.646 under

13

section 115.642. This is their remedy. The statute is permissive in that the Secretary may, but need not, investigate potential violations raised in a citizen's complaint. *Id.* Appellants argue "the extreme latitude given the secretary of state and the many other responsibilities of the secretary of state's office" means there is "little assurance that even a meritorious complaint will result in any enforcement action." But this is a determination which rightly rests with the legislature, not with Appellants, and not with this Court. *Sanders v. Ahmed*, 364 S.W.3d 195, 205 (Mo. banc 2012) (recognizing, "The General Assembly has the right to create causes of action and prescribe their remedies.").

Because Appellants' petition did not demonstrate a clear indication of legislative intent to create a private cause of action under section 115.646, Appellants' petition does not give rise to a *cognizable cause of action*. *Graves*, 630 S.W.3d at 772 (citing *Bickel*, 285 S.W.3d at 329). Declaratory relief is inappropriate where the petitioner "does not have a direct cause of action concerning the matter on which declaratory relief is sought." *Neighbors*, 901 S.W.2d at 132. The trial court properly dismissed Appellants' petition.

Point III is denied.

*Point VI: Dismissal with Prejudice*

*Party Positions*

In Point VI, Appellants argue the trial court abused its discretion in dismissing their petition with prejudice because "such a dismissal is too harsh" in light of the trial court's denial of Appellants' request that they be given an opportunity to file an amended petition. The trial court found granting leave to amend was not required when any amendment would be futile and the requested amendment would not cure the deficiency. The trial court found Appellants "have not

14

provided a viable amended petition or articulated how an amended petition would address the myriad of deficiencies raised" by Respondents' motion to dismiss.

Appellants concede that, "[h]ad the court based its decision entirely on its holding that Section 115.646 … does not permit a private cause of action …it would have been correct in saying that no alteration of the pleading would cure this defect."[4] Yet, Appellants maintain the trial court also cited "the myriad of deficiencies raised by [Respondents'] Motion to Dismiss, and the fact that the election is over" to support its judgment. Respondents' motion to dismiss alleged four bases for dismissal, but Appellants argue the court mentioned only three bases in its judgment: insufficiency, mootness, and no private cause of action.

Appellants argue Rule 67.06 requires a trial court sustaining a motion to dismiss "freely grant leave to amend" their defective pleading, especially when the first amended petition was the first pleading Respondents challenged.[5] *Dietrich v. Pulitzer Pub. Co.*, 422 S.W.2d 330, 334 (Mo. 1968) ("Ordinarily when a first pleading is ruled to be insufficient in a trial court, the party is afforded a reasonable time to file an amended pleading if desired."). "Particularly in a case where a trial court has determined a petition has failed to state a claim," Appellants note "the interests of justice support allowing a claimant to amend her or his petition to cure the identified defect(s)." *Metro Fill Dev., LLC v. St. Charles Cnty*., 614 S.W.3d 582, 596 (Mo. App. E.D. 2020) (citing *Manzer v. Sanchez*, 985 S.W.2d 936, 939–41 (Mo. App. E.D. 1999)).

Respondents argue any amendment to Appellants' petition would be futile because section 115.646 does not provide a private right of action. "[W]here an amendment would be futile, the trial court does not abuse its discretion in denying leave to amend." *Suppes v. Curators of Univ.*

---

[4] Appellants likewise conceded at oral argument the trial court's judgment dismissing their petition with prejudice would be appropriate if this Court found section 115.646 did not permit a private cause of action.

[5] All Rule references are to the Missouri Rules of Civil Procedure (2022), unless otherwise indicated.

15

*of Mo.*, 613 S.W.3d 836, 857 (Mo. App. W.D. 2020) (citing *Spencer v. State*, 334 S.W.3d 559, 573–74 (Mo. App. W.D. 2010)). Respondents contend the trial court was within its discretion to dismiss Appellants' first amended petition with prejudice, and it did not err in doing so.

*Analysis*

Any amendment to Appellants' petition would be futile for the reason discussed in Point III. Appellants have no private right of action to challenge Respondents' conduct and describe no amendment which could cure their petition's deficiency in this regard. A trial court does not abuse its discretion in dismissing a petition with prejudice where an amendment would be futile. *Suppes*, 613 S.W.3d at 857.

The trial court's citation to other independent bases in its amended judgment does not undercut its decision. Appellants rely on *Clark v. Shaffer*, which reached the opposite conclusion Appellants seek here. In *Clark*, the Western District presumed from an unspecific dismissal with prejudice that "the trial court dismissed the First Amended Petition because it failed to state a claim, because a finding of mootness *alone* would have resulted in a dismissal 'without prejudice.'" 662 S.W.3d 137, 145 (Mo. App. W.D. 2023) (emphasis added). In other words, the Court construed a dismissal with prejudice to conform with its ultimate conclusion. *Id.* We will affirm dismissal on any meritorious ground stated in the motion to dismiss. *Grosshart v. Kansas City Power & Light Co.*, 623 S.W.3d 160, 166 (Mo. App. W.D. 2021) (citing *Hill v. Freedman*, 608 S.W.3d 650, 654 (Mo. App. W.D. 2020)).

Respondents raised Appellants' lack of a private cause of action in their motion to dismiss, and the trial court stated this basis in its judgment. Because Appellants concede their lack of a private cause of action made futile any amendment to their petition, and a trial court does not abuse its discretion in dismissing a petition with prejudice where an amendment would be futile, the trial

court did not abuse its discretion in dismissing Appellants' petition with prejudice. *Suppes*, 613 S.W.3d at 857. Point VI is denied.

Because Points III and VI are dispositive, we decline to address Appellants' remaining points.

**Conclusion**

Finding no error, we affirm.

_____
Philip M. Hess, Judge

Robert M. Clayton III, P.J. and
Cristian M. Stevens, J. concur.