**Boyd H. EVERSOLE, Appellant,**

v.

**Gael D. WOOD, Respondent.**

**No. 54985.**

Missouri Court of Appeals,
Eastern District,
Division Three.

July 19, 1988.

**28**

Larry G. Mittendorf, Union, for appellant.

Mark S. Vincent, Union, Steven P. Kuenzel, Washington, for respondent.

SATZ, Judge.

This is an election contest in a junior college district. §§ 178.770–178.890 RSMo 1986. Because of time constraints, we previously entered our Order without opinion, stating our opinion would follow. This is that opinion.

On April 5, 1988, Boyd H. Eversole (Eversole), Gael P. Wood (Wood) and a third candidate competed for a seat on the Board of Trustees of the East Central College. Eversole won the election by thirteen (13) votes over Wood. Wood then filed a three count petition seeking an election recount, a new election and a declaratory judgment that Eversole was disqualified as a candidate in the new election. In his answer and supplemental answer, Eversole joined in the request for a recount and, among other defenses, pleaded the affirmative defense of estoppel.

After an evidentiary hearing on the merits, the trial court declared the April 5th election to be a nullity and ordered a new election to be held no later than August 2, 1988. In addition, the trial court declared Eversole to be disqualified as a candidate in the new election. Eversole appealed, and, as noted in our prior Order, we affirmed the trial court in part and reversed it in part.

■ The trial court properly declared the April 5 election to be a nullity. On April 5, 1988, elections were held for "municipal" functions in our state. The Trustees of East Central College should have formally called for an election on that date. They did not. However, candidates for the Board did file, and some election authorities within the college district printed ballots and made them available at their respective polling places. The election in question here was not on the ballot in Algyre Precinct, Washington County, and eighteen (18) voters in that precinct who voted on other issues were unable to vote on the election contest here.

■ Both parties either expressly or tacitly agree a trial court may order a new election when it determines that "irregularities of sufficient magnitude to cast doubt

on the validity of the initial election" have occurred. Section 115.593 RSMo 1986. *See Mickels v. Henderson,* 642 S.W.2d 661, 663 (Mo.App.1982). Moreover, both agree the effective denial of the eighteen (18) voters here was an "irregularity" which would invalidate the April 5 election. Eversole contends, however, that Wood is estopped from raising this irregularity because Wood was a member of the Board of Trustees of East Central College when the Board allegedly failed in its duty "to call, serve notice or conduct said election."

We need no extended dissertation here on estoppel, on its application here, on the legal duty of the Board of Trustees nor on Wood's alleged vicarious responsibility for the Board's asserted breach of that duty. Admittedly, Wood was a member of the Board of Trustees from April, 1987 through the April 5 election. The evidence also shows it was the Board's policy to delegate to the president "the duty" to make the arrangements necessary to conduct the trustee elections. There was no showing, however, that this delegation was improper nor was there any showing the president caused the trustee election here to be omitted from the ballots in the Algyre precinct. As correctly noted by Wood, the evidence simply showed "[t]he Board of Trustees ... did no more and no less than was the established practice concerning the conduct of the trustee election." In short, Eversole's reliance on the defense of estoppel is misplaced and, thus, not persuasive.

■ We do find, however, that the trial court erred in disqualifying Eversole as a candidate in the new election. The qualifications for a junior college trustee are set forth in § 178.820 RSMo 1986. This statute also regulates the election process and provides for the redistricting of a junior college district. § 178.820.2 provides that a redistricting plan may require the election of trustees in one of three ways: (1) "all trustees to be elected from subdistricts"; (2) "one or more [to be elected] at large and the remainder from subdistricts"; or (3) "all trustees [to be elected] at large with the requirement that each must reside in a certain subdistrict." Section 178.820.5

provides that candidates for the office of trustee must "have been voters of the district for at least one whole year preceding the election, and if trustees are elected other than at large they shall be voters of the subdistricts for at least one whole year next preceding the election."

The redistricting plan of the East Central College District chooses the third alternative method of election set forth in § 178.820.2 by providing that "the sub-districts will be only used for filing purposes and that the election of trustees will continue to be on an at-large basis as provided for in Statute 178.820." However, neither the plan nor the noted and related statutes define the term "at-large."

The trial court construed the term "at-large" to have a meaning contrary to an Attorney General's Opinion before the court. The court stated:

Section 178.820 RSMo has been misconstrued by the Missouri Attorney General. He sees the term "at large" to mean only where ballots are cast, not the area represented. In this case it means both. When the college opted to subdivide they chose to elect board members from all the district (at large) but each board member to represent a smaller geographic area (*not* at large).

The court also found the method chosen by the District for electing trustees requires candidates to have been "... voters of the subdistrict for at least one whole year next preceding the election." Eversole did not meet this requirement and, therefore, the court found he could not be a candidate in the new election.

With due respect to the trial court analysis, we find the reasoning and conclusion to be contrary to the plain language of the statute in question. We give unambiguous phrases in statutes their plain meaning. *E.g. Farmers' and Laborers' Co-op Ins. Ass'n. v. Director of Revenue, State of Mo.,* 742 S.W.2d 141, 143 (Mo.1987). The term "at large", as used in subparagraphs 2 and 5 of § 178.820 as well as in the redistricting plan, refers to the election process itself not to the area to be represented. The focus, then, is on the area

from which the votes are to be cast, and, thus, candidates elected at large in the East Central College District are only required to "have been voters of the district for one whole year preceding the election." § 178.820.5. Eversole does meet this requirement and is, therefore, qualified to be a candidate in the election to be set on or before August 2, 1988.

For these reasons, we previously entered our Order:

> The judgment of the trial court declaring the election of a trustee to the East Central College Board of Trustees from subdistrict three is a nullity is affirmed. The judgment ordering a new election no later than August 2, 1988 is affirmed. The judgment of the trial court declaring the candidates shall be Eric Park and Gael Wood is reversed. In addition to those two individuals Boyd Eversole shall also be a qualified candidate.

SMITH, P.J., and STEPHAN, J., concur.