Alan GERRARD, et al.,
Plaintiffs/Appellants,

v.

BOARD OF ELECTION COMMISSION-ERS, and The City of Creve Coeur,
Defendants/Respondents.

No. 67849.

Missouri Court of Appeals,
Eastern District,
Division Four.

Dec. 19, 1995.

Michael J. Smith, St. Louis, for appellants.

Kevin M. O'Keefe, St. Louis, for Board of Election Com'rs.

Behr, Mantovani, McCarter & Potter, P.C., W. Dudley McCarter, Clayton, for City of Creve Coeur.

PUDLOWSKI, Judge.

This is an appeal from the dismissal of an election contest and an award of attorney's fees to respondent, City of Creve Coeur. We affirm in part and reverse in part.

In considering a motion to dismiss for failure to state a claim upon which relief can be granted, the appellate court gives the petition its broadest intendment in treating all alleged facts as true; the court construes all allegations favorably to plaintiff in determining whether the pleading invokes principles of substantive law and informs defendant of what plaintiff will attempt to establish at trial. *Property Exchange & Sales, Inc. v. King*, 863 S.W.2d 12, 14 (Mo.App.E.D.1993). The mere conclusions of the pleader are not admitted, only the facts alleged are taken as true. *Counts v. Morrison–Knudsen, Inc.*, 663 S.W.2d 357, 360 (Mo.App.S.D.1983).

Under this standard of review, the facts and allegations in the present case reveal a general election was held November 8, 1994, in the City of Creve Coeur. One of the issues before the voters was whether the city's business license fee schedule should be increased. The ballot measure, proposition No. 1, appeared on the same page with another proposition, both requiring a 'yes' or 'no' answer. The following instruction appeared at the bottom of the page below the two issues: "INSTRUCTION TO VOTERS: If you are in favor of the question, punch a hole next to the arrow 'YES.' If you are opposed to the question punch a hole next to the arrow 'NO.' "

Approximately one week before the election, the city sent out a document regarding the license fee proposition entitled "information sheet." The document was prepared and mailed using public funds. It was endorsed by the aldermen and made statements favoring passage of proposition 1. This action appeared to be in derogation of the election act which prohibits the expenditure of public funds to advocate or support a ballot measure. The proposition passed by a meager margin of .69%.

Appellant filed suit seeking a recount and new election.[1] The recount was held and the measure still passed. Respondent filed a motion to dismiss the election contest for failure to state a claim upon which relief could be granted and the trial court granted the motion. Respondent also filed a motion for attorney's fees pursuant to § 115.591.[2] The trial court awarded attorney's fees to the city.

In point one, appellant argues the trial court erred in dismissing his petition because it alleged an election irregularity, violation of § 115.646, and a new election, § 115.593 is the authorized remedy for this violation. Section 115.646 prohibits the expenditure of public funds to advocate or support a ballot proposition. Section 115.593 vests the court with the authority to order a new election if it finds irregularities of sufficient magnitude cast doubt on the validity of an election.

Appellant argues violation of § 115.646 is an election irregularity and we agree. Irregularity, as it appears in § 115.593, is not defined in the statute and the courts have not given a definitive interpretation of this term but the rules of statutory construction and existing precedent clearly indicate violation of an election statute is an irregularity.

In interpreting the meaning of a statute the words chosen are given their plain and ordinary meaning. *Maudlin v. Lang*, 867 S.W.2d 514, 516 (Mo. banc 1993).

---

1. The recount was conducted and final judgment was entered on January 19, 1995. That portion of the trial court order is not being appealed.

2. All statutory references are to RSMo 1994.

The term irregularity, as defined in Websters New Collegiate Dictionary, means "the state of being irregular." Irregular is defined as "behaving without regard to established laws, morals or customs." In this case the facts alleged a violation of an election statute. Applying the plain meaning of the word irregularity clearly would include disregarding a statute.

The courts have considered other violations of the election statutes and found those violations fit within the meaning of irregularity. *See, Gasconade R–III School District v. Williams,* 641 S.W.2d 444 (Mo. App.E.D.1982), *Clark v. Trenton,* 591 S.W.2d 257 (Mo.App.W.D.1979); *Marre v. Reed,* 775 S.W.2d 951 (Mo. banc 1989); *Eversole v. Wood,* 754 S.W.2d 27 (Mo.App.E.D.1988). In enacting the Comprehensive Election Act, the legislature set forth certain rules to be followed and conduct to be avoided. Clearly, following the legislature's dictates would be regular and deviation irregular. But this conclusion is not dispositive of the issue. Not every irregularity warrants a new election.

The election statute provides the court *may* order a new election if it finds *irregularities of sufficient magnitude* to cast doubt on the validity of the election. The trial court found the facts plead in this case did not state a cause of action. Considering the precedent in this area and the facts of this case, we agree with the trial court's decision.

Precedent on this subject teaches the remedy of a new election is to be used sparingly. "Election irregularities seldom result in a new election as there are other provisions available to punish and deter those who intentionally and purposefully tamper with the election process." *Mickels v. Henderson,* 642 S.W.2d 661, 663 (Mo.App.E.D.1982). Only when the trial court is firmly convinced irregularities affected the outcome of the election should an election be voided. *Board of Election Commissioners v. Knipp,* 784 S.W.2d 797, 798 (Mo. banc 1990). A new election is a drastic remedy. *Id.*

The facts asserted in the petition were not sufficient to demonstrate how the alleged violation affected the outcome of the election and, therefore, the petition did not state a cause of action. The information sheet was incorporated into the petition and the trial judge had the opportunity to review it. The sheet was endorsed by a number of aldermen. Section 115.646 permits these public officials to make public appearances and issue press releases. *See* § 115.646. In addition, all of the statements contained in the information sheet were true. The petition did not allege the voters were misled or that the vote would have been different if public money were not spent. The petition averred the conduct was unfair but the statute has been construed to require conduct sufficient to affect the outcome of the election. The petition failed to meet this standard.

Respondent argues the sole remedy for a violation of § 115.646 of the election statute is contained in chapter 105 which establishes the Missouri Ethics Commission. We agree that the Ethics Commission has jurisdiction over all statutory violations by public officials but the legislature did not limit the remedy in those instances. Section 105.957.1(6) confers jurisdiction on the Missouri Ethics Commission over statutory violations by public officials. However, § 105.957.4 provides that complaints alleging violation of a statute by a public official be considered under § 105.961. Section 105.961.11 states:

> The provisions of section 105.957 . . . are in addition to other provisions of law under which any remedy or right of appeal or objection is provided for any person, or any procedure provided for inquiry or investigation concerning any matter. The provisions of this section shall not be construed to limit or affect any other remedy or right of appeal or objection.

The legislature clearly intended the remedy of filing with the Missouri Ethics Commission for violations by public officials to be in addition to other remedies provided. Respondent's argument is without merit.[3]

---

**3.** Appellant argues that there is no remedy for violating the prohibition on spending public funds in an election if § 115.593 (allowing an order of a new election) does not apply. As we

In point two, appellant argues the form of the ballot was irregular because it did not conform with § 115.245.1 and, therefore, the trial court erred in finding the ballot did not violate the election statute. We find no error. The ballot in this case had two questions on the same page, both requiring a "yes" or "no" answer. The instruction was at the bottom of the page. Appellant alleges § 115.245.1 requires instruction to voters immediately follow the question on the ballot. We disagree. Section 115.245.1 reads:

> All questions printed on the official ballot shall be phrased in such a manner that the required response is a "YES" or a "NO". Immediately beside or below each question, a "YES and a "NO" shall be printed, immediately followed by a square, the sides of which are not less than one-fourth inch in length. *Beneath* the question and the "YES" and "NO" the following instruction shall be printed: "If you are in favor of the question, place an X in the box opposite 'YES'. If you are opposed to the question, place an X in the box opposite 'NO'." (Emphasis added).

This section states the instruction shall be located beneath the question, not immediately below it. Section 115.237.2(9) deals with the form of the ballot and offers more specific directions for the "Instruction to Voters". It reads:

> Each ballot shall be plain paper, through which printing or writing cannot be read, and shall have:
>
> .        .        .        .        .
>
> (9) At least three-eights of an inch below all other matter on the ballot, printed in ten point Gothic type, the words "Instructions to Voters" followed by directions to the voter on marking his ballot as provided in section 115.439;

This section indicates the instruction shall be located at the bottom of the page containing a question. That is where the instruction was located in this case. Point two is denied.

In appellant's final point he argues the trial court erred in awarding attorney's fees under § 115.591 because that section allows for "costs" only and costs do not include attorney's fees. We agree. The court has the authority to award attorney's fees in three instances; where they are contractually provided for, where they are authorized by statute and in rare cases, where special circumstances exist that make the award equitable. *Washington University v. Royal Crown Bottling*, 801 S.W.2d 458, 468 (Mo.App.E.D.1990). A statute providing that the court may make an award of costs is not statutory authorization for an award of attorney's fees. *Id.* In this case, the trial court awarded attorney's fees based on § 115.591. This section permits the court to award costs. § 115.591. Because the term "costs" is not authority for an award of attorney's fees and because there are no other grounds for the award, the portion of the judgment awarding attorney's fees is reversed.

Respondent made three motions that were taken with the case; a motion to dismiss the appeal for failure to comply with rule 84.04; a motion for damages for a frivolous appeal; and a motion for attorney's fees on appeal. Respondent's motions are denied.

The order of the trial court dismissing appellant's election contest is affirmed. The award of attorney's fees to the City of Creve Coeur is reversed.

AHRENS, P.J., and GRIMM, J., concur.

stated above § 115.593 may apply in a given situation but not in all cases. In addition, the Missouri Ethics Commission has jurisdiction. We note that when the legislature initially adopted the election act, violation of any section of chapter 115 carried criminal penalties. *See*

§ 115.641. The legislature added § 115.646 but did not amend § 115.641 making a violation of the new section a criminal offense like all of the other election statutes. We assume that was the legislature's intent.