Roger KOHRS;  Galen Neill; Defendants,

Jay Lawson, Appellant,

v.

Ed QUICK;  Clay County Board of Election Commissioners and Individual Election Commissioners, Respondents.

Nos. WD 68773, WD 68774.

Missouri Court of Appeals,
Western District.

July 1, 2008.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 2, 2008.

Application for Transfer Denied
Oct. 28, 2008.

Thomas K. Thompson, Liberty, MO, for appellant.

Roger Kohrs, Galen Neill, for defendants.

Michael T. White, Kansas City, MO, for respondents, Quick.

Jon M. Kreebs, Liberty, MO, Steven B. Salmon, Gladstone, MO, for respondents, Board of Election.

Before JAMES M. SMART, JR., P.J., THOMAS H. NEWTON, and RONALD R. HOLLIGER, JJ.

THOMAS H. NEWTON, Judge.

Jay Lawson appeals the judgment dismissing his petitions contesting Ed Quick's qualifications for candidacy. We affirm.

## Factual and Procedural Background

Mr. Quick won the primary election to represent the Democratic Party in the election for the Presiding Commissioner of Clay County. The Verification Board of the Board of Election Commissioners of Clay County certified those results on August 9, 2006. A day before the general election, Mr. Lawson, the Republican candidate for the same position, filed a verified petition contesting Mr. Quick's qualifications to be a candidate. Mr. Lawson argued that Mr. Quick was not qualified pursuant to section 115.348 [1] because he was confined in the United States Military Prison after receiving a court martial conviction for being absent without leave (A.W.O.L.). Section 115.348 states that a person who has been convicted of a federal felony or misdemeanor cannot qualify as a candidate for elective public office in Missouri.

Mr. Quick won the general election against Mr. Lawson on November 7, 2006. The Verification Board certified the results on November 8, 2006, and then sent a Certification of the General Election to the Secretary of State on November 20, 2006. Mr. Quick filed a motion to dismiss for failure to state a claim upon which relief can be granted and for lack of jurisdiction. On December 19, 2006, Mr. Lawson filed a verified petition alleging irregularities occurred in the general election because Mr. Quick's candidacy violates section 115.348. Mr. Quick filed another motion to dismiss. Mr. Lawson also filed a Motion for Order to Release Personal Information to obtain Mr. Quick's records from the Navy.

A hearing was held on the motions to dismiss and all other outstanding motions. In a single judgment, the circuit court dismissed both petitions because they were untimely and because the Missouri Supreme Court declared that section 115.348, the basis for the allegation, was unconstitutional. The circuit court cited *Rizzo v. State*, 189 S.W.3d 576 (Mo. banc 2006), for support. Mr. Lawson appeals, raising three points.

## Standard of Review

We review the granting of a motion to dismiss de novo. *Vogt v. Emmons*, 158 S.W.3d 243, 247 (Mo.App. E.D.2005). We deem all factual allegations to be true and liberally construe the petition. *Gerrard v. Bd. of Election Comm'rs*, 913 S.W.2d 88, 89 (Mo.App. E.D.1995). If any of the factual allegations "invokes principles of substantive law and informs defendant of what plaintiff will attempt to establish at trial," we will reverse the dismissal. *Id.*

---

1. All statutory references are to RSMo 2000 and the Cumulative Supplement 2006.

## Legal Analysis

■ The circuit court properly dismissed Mr. Lawson's first petition for being untimely. Mr. Lawson's first petition challenges Mr. Quick's qualifications and asks the circuit court to disqualify Mr. Quick from the general election ballot. Mr. Lawson did not cite section 115.526 in his petition, but that is the section that allows a candidate to contest another candidate's qualifications for the same office. § 115.526.1. Applying this statute, the circuit court determined that the petition was untimely because it was filed more than five days after the latest date for certification.

A candidate must file a verified petition challenging another candidate of a general election with the circuit court no "later than five days after the latest date for certification of a candidate by the officer responsible for issuing such certification." § 115.526.2. The Verification Board certified Mr. Quick on August 9, 2006. Mr. Lawson filed his first petition to challenge Mr. Quick's qualification on November 6, 2006. Clearly, this petition was untimely to challenge Mr. Quick's qualifications for general election candidacy under section 115.526 and was properly dismissed.

■ Mr. Lawson's second petition challenges the validity of the general election results because Mr. Quick's candidacy violates section 115.348, constituting an "irregularity sufficient to cast doubt upon the validity of th[e] election." Section 115.553 grants the opportunity for any candidate to challenge the returns for the office, charging in the verified petition that irregularities occurred in the election. In *Gerrard,* this court interpreted an irregularity to include a violation of an election statute such that it deviates from "the legislature's

dictates." 913 S.W.2d at 90. *Gerrard* is inapposite to this case; section 115.348 was no longer "the legislature's dictate" when Mr. Lawson filed his verified petition on December 19, 2006, because the *Rizzo* court declared that section unconstitutionally invalid on April 25, 2006. *See* 189 S.W.3d at 581. Thus, Mr. Lawson failed to state a claim upon which relief could be granted.

■ Moreover, the second petition is time-barred because in essence it is a challenge to Mr. Quick's qualifications to be a candidate. "[N]o election may be contested except as specifically authorized and provided by statute[.]" *Clark v. City of Trenton,* 591 S.W.2d 257, 259 (Mo.App. W.D.1979). Section 115.526 provides the procedure for challenging the qualifications of a candidate. A contestant should not be allowed to circumvent the deadline of section 115.526.2 by alleging a violation of a qualification statute constitutes an irregularity in the election. Mr. Lawson failed to challenge Mr. Quick's qualifications within the time requirements of section 115.526, and, thus, the action became time-barred. Therefore, the circuit court properly dismissed his second petition.

## Conclusion

Mr. Lawson's first petition was properly dismissed because it was untimely under section 115.526.2. Mr. Lawson's second petition was properly dismissed because the petition's basis for stating there was an irregularity "sufficient to cast doubt upon the validity of the election" did not state a claim upon which relief could be granted. Additionally, the second petition was essentially a challenge to Mr. Quick's qualifications, and, therefore, the time requirements of section 115.526.2 applied. Thus, Mr. Lawson's second petition is time-

barred. The circuit court's decision to dismiss the petition is affirmed.

SMART, P.J., and HOLLIGER, J. concur.