Doni MILLER & Bruce
Cohen, Appellants,

v.

Genevieve FRANK, Respondent.

No. ED 104450

Missouri Court of Appeals,
Eastern District,
**DIVISION FOUR.**

FILED: March 14, 2017

Application for Rehearing and/or
Transfer to Supreme Court
Denied April 27, 2017

Application for Transfer Denied
June 27, 2017

Bruce C. Cohen, 925 Edna Avenue, Kirkwood, MO 63122, for appellant.

Peter Krane, Lacey Smith, 41 S. Central, 9th Floor, Clayton, MO 63105, for respondent.

KURT S. ODENWALD, Judge

## Introduction

Doni Miller and Bruce Cohen ("Appellants") appeal the trial court's dismissal of their petition contesting the November 2014 general election ("the Election") for St. Louis County Executive and County Prosecutor. On appeal, Appellants assert that the St. Louis County Clerk is the sole lawful election authority for St. Louis County. Appellants filed their required declarations of candidacy with the St. Louis County Clerk and were the only candidates for St. Louis County Executive and County Prosecutor to do so. Because

Appellants were the only candidates for office to file their declarations of candidacy with the St. Louis County Clerk, they claim victory in the Election for St. Louis County Executive (Miller) and County Prosecutor (Cohen). Appellants also assert on appeal that their petition contesting the results of the Election was timely filed. Because Appellants have failed to comply strictly with the statutory provisions of Section 115.526,[1] we affirm the judgment of the trial court.

## Factual and Procedural History

Doni Miller was a write-in candidate for St. Louis County Executive. Bruce Cohen was a write-in candidate for St. Louis County Prosecutor. Appellants filed their declarations of candidacy with the St. Louis County Clerk and sent courtesy copies of their declarations to the St. Louis County Board of Election Commissioners ("SLCBEC"). Appellants also filed the necessary financial interest statements with the Missouri Department of Revenue and the St. Louis County Clerk.

The Election was held on November 4, 2014. In the Election, Miller received at least two votes, and Cohen received at least 343 votes. After the Election, the SLCBEC certified Steve Stenger and Robert McCulloch as St. Louis County Executive and County Prosecutor, respectively. Both Stenger and McCulloch filed their declarations of candidacy with the SLCBEC, not the St. Louis County Clerk.

On November 24, 2014, Appellants filed a petition contesting the Election with the Supreme Court of Missouri. The Supreme Court dismissed Appellants' petition without prejudice on January 28, 2015. On January 27, 2016, Appellants filed an election-contest petition with the Circuit Court of St. Louis County. Appellants challenged the Election under Section 115.553.1 and Section 115.553.2. In their petition, Appellants alleged that the SLCBEC was not a constitutionally valid election authority because it had not been assigned to an executive-branch department as required by Mo. Const. Art. IV, Sec. 12. Under Section 115.015, the county clerk is designated the default election authority for counties not having a board of election commissioners. Thus, Appellants claimed that the St. Louis County Clerk was the lawful election authority for St. Louis County and that all candidates for county offices were required to file their declarations of candidacy with the St. Louis County Clerk pursuant to Section 115.353. Appellants maintained that the purported winners, Stenger and McCulloch, did not file the required declarations with the St. Louis County Clerk and therefore were not valid candidates for elected office in St. Louis County. As the only valid candidates to receive votes, Appellants reasoned that they won the Election for St. Louis County Executive and County Prosecutor, respectively. Appellants further maintained that because the St. Louis County Clerk had yet to certify the results of the Election, the thirty-day period for contesting elections under Sections 115.553 and 115.577 has not yet run.

Contestee Frank moved to dismiss Appellants' petition, alleging that the SLCBEC was the proper election authority for St. Louis County, that the SLCBEC was a necessary party, that Appellants' petition was untimely filed under Section 115.577, and that Appellants' failure to comply strictly with the election-contest laws deprived the trial court of jurisdiction[2] over the claim. The trial court dis-

---

1. All statutory references are to RSMo (2000), unless otherwise stated.

2. Although Contestee Frank's Motion to Dismiss characterized the trial court's inability to grant relief in jurisdictional terms, we recog-

missed Appellants' petition without specifying the grounds for the dismissal. This appeal follows.

## Points on Appeal

Appellants present two points on appeal. Appellants first contend that the trial court erred in dismissing their election-contest petition because the St. Louis County Clerk, rather than the SLCBEC, was the lawful election authority for St. Louis County. Candidates who did not file their declarations of candidacy with the St. Louis County Clerk were ineligible to receive votes. Appellants argue that because they are the only candidates to file their declarations of candidacy with the lawful election authority for St. Louis County, they won the Election for St. Louis County Executive and County Prosecutor, respectively. Appellants next contend that because the St. Louis County Clerk, as the County's lawful election authority, has not officially certified the results of the Election, the thirty-day window to contest the Election has not yet run, and therefore, their petition to contest the Election was timely filed.

## Standard of Review

■ We review de novo a trial court's grant of a motion to dismiss. Mosley v. English, 501 S.W.3d 497, 503 (Mo. App. E.D. 2016). We will examine de novo issues of law, including questions of statutory and constitutional interpretation. Silvey v. Bechthold, 499 S.W.3d 760, 762 (Mo. App. W.D. 2016). But in reviewing the plaintiffs' petition, we will assume that all of the factual averments are true and will make all reasonable inferences in the plaintiffs' favor. Gardner v. Bank of Am., N.A., 466 S.W.3d 642, 646 (Mo. App. E.D. 2015).

nize that this argument, as clarified by J.C.W. ex rel. Webb v. Wyciskalla, 275 S.W.3d 249 (Mo. banc 2009), is in essence a claim that the

Because the trial court failed to state a basis for its dismissal of the petition, "we presume the dismissal was based on at least one of the grounds stated in the motion to dismiss and will affirm the dismissal if it is supported by any ground." Id.

## Discussion

### I. Appellants' Petition Failed to Adhere to the Requirements of Chapter 115

Before we address the merits of Appellants' claims, we must first ascertain if Appellants adhered to the statutory requirements of Chapter 115, thereby providing the trial court with the authority to entertain their claims and request for relief under the election-contest laws.

■ A candidate's right "to contest an election exists by virtue of statute; it is not a common law or equitable right." Bd. of Election Comm'rs of St. Louis Cnty. v. Knipp, 784 S.W.2d 797, 798 (Mo. banc 1990). "The right to contest an election exists only as defined by statute[.]" State ex rel. Wilson v. Hart, 583 S.W.2d 550, 551 (Mo. App. E.D. 1979). Thus, the relief that a trial court can grant necessarily "is limited to that specifically authorized by statute." Knipp, 784 S.W.2d at 798. The very authority of the trial court is confined to these statutory provisions governing election contests. Landwersiek v. Dunivan, 147 S.W.3d 141, 149 (Mo. App. S.D. 2004). Thus, one seeking relief under the election-contest provisions must "bring herself strictly within their terms." Wright-Jones v. Johnson, 256 S.W.3d 177, 180 (Mo. App. E.D. 2008).

trial court lacked statutory authority to consider the merits of Appellants' claim.

The legislature established "specific rules" for election contests in Chapter 115. Silvey, 499 S.W.3d at 762. Election-contest rules and procedures "are a code unto themselves." Chastain v. James, 463 S.W.3d 811, 819 (Mo. App. W.D. 2015) (quoting Foster v. Evert, 751 S.W.2d 42, 44 (Mo. banc 1988)). The rules and procedures established by the legislature in Chapter 115 "are exclusive and must be strictly followed as substantive law." Silvey, 499 S.W.3d at 762 (quoting Foster, 751 S.W.2d at 44). The rules and procedures established in Chapter 115 give finality and conclusiveness to elections for public offices.[3] Clark v. Trenton, 591 S.W.2d 257, 259 (Mo. App. W.D. 1979).

A contest of a general election can take three forms. Cf. Wright-Jones, 256 S.W.3d at 181 (analyzing primary elections). First, before the general election, a candidate may challenge the qualifications of any other candidate under Section 115.526. Second, after the general election, the returns or results may be contested on the grounds that an irregularity occurred in the election under Section 115.553. Third, after the general election, a contestant who was defeated by less than one percent of the votes cast has the right to a recount of the votes cast for that office under Section 115.601.1.[4]

Here, Appellants sought to contest the Election under Section 115.553.1 and Section 115.553.2. Addressing Section 115.553.2 first, this provision permits a registered voter residing in the geographic area in which the election was held, to challenge the results of an election on any question. Dotson v. Kander, 464 S.W.3d 190, 194 (Mo. banc 2015); State ex rel. Bushmeyer v. Cahill, 575 S.W.2d 229, 233 (Mo. App. 1978). A question is defined by statute as any measure on the ballot which can be voted "yes" or "no." State ex rel. Bushmeyer, 575 S.W.2d at 233. Appellants do not challenge the results or conduct of the Election in regards to any ballot question in their petition, and thus, they cannot challenge the results of the Election under Section 115.553.2.

Section 115.553.1 also offers no statutory basis for Appellants' claims. Section 115.553.1 provides that "[a]ny candidate for election to any office may challenge the correctness of the returns for the office, charging that irregularities occurred in the election." "An 'election contest challenges the validity of the very process by which we govern ourselves; it alleges that through an irregularity in the conduct of an election, the officially announced winner did not receive the votes of a majority of the electorate.'" Landwersiek, 147 S.W.3d at 149 (quoting Foster, 751 S.W.2d at 43–44). While the term "irregularities" is not defined by Chapter 115, courts have considered the violation of election statutes to constitute an irregularity that can be addressed by an election contest. Dotson, 464 S.W.3d at 194. Notably, the violation of a candidate-qualification statute does not constitute an election irregularity. Kohrs v. Quick, 264 S.W.3d 645, 647 (Mo. App. W.D. 2008). Further, the purported irregularity must have sufficiently placed the result or validity of any contested election in doubt for petitioner to be entitled to relief. See Section 115.583; Section 115.593. Chapter 115 provides only two remedies for an election-contest petition alleging irregularities: a recount under Section 115.583 and

---

**3.** The accuracy of the election results is another important function of the provisions of Chapter 115. Foster, 751 S.W.2d at 43–44. The parties do not dispute here that the election results accurately reflect the number of votes cast for each candidate by qualified voters.

**4.** RSMo Cum. Supp. (2013).

a new election under Section 115.593. Knipp, 784 S.W.2d at 798.

■ Appellants' petition does not allege that any irregularity occurred that casts doubt on whether the officially announced winners of the Election received the votes of the majority of the electorate. The petition lacks any allegations of voting fraud, the unlawful prevention of voting, improperly completed ballots, or votes submitted by unqualified voters. Appellants allege nothing to call into doubt the accuracy of the results announced for the number of votes cast for the respective candidates for St. Louis County Executive and County Prosecutor. Indeed, Appellants do not request the limited statutory remedies available under a claim asserting an election irregularity—a recount of the votes cast or a new election. Instead, Appellants seek a declaration asserting that they were the only *qualified* candidates to receive votes in the Election, as all other candidates failed to file their declarations of candidacy in compliance with Section 115.353. Accordingly, Appellants maintain that they won their respective elections for St. Louis County Executive and County Prosecutor.

■ Giving plain meaning to the words used by Appellants in their petition, it is unequivocally clear that the petition challenges the qualifications of the other candidates who filed for and won the offices of County Executive and County Prosecutor in the Election. Section 115.526, rather than Section 115.553.1, is the proper mechanism for a candidate to challenge the qualifications of another general-election candidate. Section 115.526.1 provides that "any candidate for election to an office at a general or special election may challenge the *declaration of candidacy* or qualifications of any other candidate for election to the same office to seek or hold such office or to have his name printed on the ballot." (emphasis added). Section 115.526 is the *exclusive* method for *a candidate* to challenge the qualifications of another candidate, including another candidate's declaration of candidacy. Mosley, 501 S.W.3d at 504; Chastain, 463 S.W.3d at 819.[5]

■ Importantly, Section 115.526.2 requires the election contestant to file a petition "not later than five days after the latest date for certification of a candidate by the officer responsible for issuing such certification." Regardless of the election authority, a Section 115.526 challenge to the qualifications of a general-election candidate will take place before the general election. Cf. Wright-Jones, 256 S.W.3d at 180 (stating that an election contest challenging a candidate's qualifications for a primary election will take place before the primary election).[6] Challenging the qualifications of a candidate *after* the general election is not a claim of an election irregularity. Kohrs, 264 S.W.3d at 647. If the election contest is in essence a challenge to a candidate's qualifications, the candidate's qualifications must be contested under the

---

5. While Section 115.526 is the exclusive method for *a candidate* to challenge an opponent's qualifications or declaration of candidacy, it is not the only mechanism for a candidate's qualifications to be challenged. See State v. Young, 362 S.W.3d 386, 393–94 (Mo. banc. 2012); Chastain, 463 S.W.3d at 819 n.14.

6. If the disqualifying event does not occur until the close of the general election, the petition shall be filed not later than five days after the results are certified under Section 115.526.2. See Williams v. Hensley (In re Williams), 943 S.W.2d 244, 246 (Mo. App. E.D. 1997). Here, the purported disqualifying event occurred before the Election when the candidates did not timely file their declarations of candidacy with the lawful election authority. Because Appellants do not meet the statutory mandate for bringing their challenges, we do not consider the substance of their claims.

procedure specifically authorized by Section 115.526. Id. A contestant may not circumvent the deadline and procedures of Section 115.526 by characterizing a violation of a candidate-qualification statute as an "irregularity" in the election. Id.

■ The purpose of the mandated procedure delineated in Section 115.526 is to require that the qualifications of candidates be timely established and properly resolved *before* the applicable election. This procedure prevents a candidate, who may know of a disqualifying issue with another candidate's declaration of candidacy or qualification to hold office, from sandbagging his or her opponents by purposefully lying in wait until after losing the election to challenge the winning candidate's ability to qualify for office.

Here, Appellants knew or could have known of any potential deficiencies of the other candidates' declarations of candidacy before the Election. The statutory prescribed mechanism for challenging the other candidates' purportedly deficient declarations of candidacy is under Section 115.526.1, and must be accomplished within the mandatory timing requirements of Section 115.526.2. Such a challenge would have resolved any issues to the qualifications of all the contested candidacies before the Election, and therefore would have prevented voters from voting, through no fault of their own, for any purportedly ineligible candidate. In recognizing that the election laws affect an individual's right to cast their vote effectively, we will not permit the selective manipulation of election laws designed to subvert the clear will of the electorate.

Here, Appellants' claim that they won the Election hinges solely on the disqualification of the other candidates in their respective races. Appellants did not challenge the qualifications of any of the contested candidacies *before* the general elec-

tion as required by Section 115.526. See Kohrs, 264 S.W.3d at 647. Instead, Appellants impermissibly filed an election-contest petition after the general election against the St. Louis County Clerk alleging voting irregularities purportedly under Section 115.553.1 and Section 115.553.2. Failure to abide by the strict requirements of Chapter 115 deprives the trial court of the authority to grant the requested relief. Chastain, 463 S.W.3d at 822 (stating that the trial court's jurisdiction "is confined strictly to the pertinent statutory provisions; hence the letter of the law is the limit of the court's power.").

The trial court had no authority to entertain Appellants' improper challenge to the qualifications of the other candidates. See id. at 826. Without the statutory authority to address Appellants' claims, the trial court only possessed power to dismiss the action. Wells v. Noldon, 679 S.W.2d 889, 891 (Mo. App. E.D. 1984). The dismissal of Appellants' petition was proper.

## Conclusion

The judgment of the trial court is affirmed.

James. M. Dowd, P.J., concurs.

Gary M. Gaertner, Jr., J., concurs.