

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

JENNIFER HENDERSON, )
)
Appellant, )
)
v. ) WD82596
)
BUSINESS LOOP COMMUNITY ) Opinion filed: November 26, 2019
IMPROVEMENT DISTRICT, )
TOM MAY AND CARRIE GARTNER, )
)
Respondents. )

**APPEAL FROM THE CIRCUIT COURT OF BOONE COUNTY, MISSOURI**
**THE HONORABLE JODIE C. ASEL, JUDGE**

Division One: Edward R. Ardini, Jr., Presiding Judge,
Mark D. Pfeiffer, Judge and Cynthia L. Martin, Judge

Jennifer Henderson appeals the judgment of the Circuit Court of Boone County granting Respondents' Motion to Dismiss for Lack of Subject Matter Jurisdiction. Respondents are the Business Loop Community Improvement District ("District"), District president Tom May, and District executive director Carrie Gartner. The District held an election in 2015 asking registered voters within its boundaries to authorize the imposition of a half-cent sales tax by District businesses. The sales tax passed. Henderson—one of the individuals who voted against the tax—initiated this action challenging the election, alleging "there were irregularities of sufficient magnitude to cast doubt on the [election's] validity" and seeking a judgment from the trial court

declaring the election void as a result of these irregularities. Respondents moved to dismiss Henderson's claims, arguing the trial court lacked subject matter jurisdiction based on an absence of statutory authority to hear a challenge to a community improvement district's sales tax election. The trial court granted the motion. Because we find that there is statutory authority for Henderson's election challenge, we reverse and remand.

## Factual and Procedural Background[1]

The District—located in Boone County, Missouri—is a political subdivision of the State of Missouri, organized under the Community Improvement District Act ("CID Act"),[2] sections 67.1401 to 67.1571.[3] The Columbia City Council approved the creation of the District on April 20, 2015. The District is governed by a board of directors, and at the board's first business meeting, the directors agreed to seek voter approval of a half-cent sales tax to be imposed by businesses in the District. Rather than have the election conducted by the Boone County Clerk's office, which is the county's election authority, the District chose to conduct the sales tax election itself.

On December 1, 2015, the District announced on its website that the sales tax election would be held on December 10, 2015, and sent mail-in ballots to qualified voters.[4] Voters were

---

[1] Because this is an appeal from the trial court's granting of a motion to dismiss, "we will assume that all of the factual averments [in Henderson's petition] are true and will make all reasonable inferences in [Henderson's] favor." *See Miller v. Frank*, 519 S.W.3d 472, 475 (Mo. App. E.D. 2017).

[2] "Generally, the CID Act provides for property owners or business owners within a specified area to form either a not-for-profit corporation or a political subdivision." Joseph G. Lauber, *Public-Private Partnership in Community Development: Applying Constitutional Standards for Implementing the Missouri Community Improvement District Act*, 59 Journal of the Missouri Bar 80, 80 (2003). "Once formed, these entities possess powers enabling them to carry out numerous fiscal initiatives, primarily the ability to raise funds through special assessments and taxes for the provision of public infrastructure." *Id.*

[3] All statutory references are to RSMo Supp. 2014.

[4] For purposes of sales tax elections under the CID Act, "[q]ualified voters" are "[r]egistered voters" or "[i]f no registered voters reside in the district, the owners of one or more parcels of real property located within the district[.]" § 67.1401.2(14)(b). "Registered voters" are "persons who reside within the district and who are qualified and registered to vote pursuant to chapter 115, pursuant to the records of the election authority as of the thirtieth day prior to the date of the applicable election." § 67.1401.2(15). There were fourteen registered voters residing in the District during the time period relevant to this election.

instructed to return the completed ballot by December 10, 2015, and that they could do so by mailing or hand-delivering the ballot to the District's office. Voters were required to print and sign their names and include their addresses on the ballot itself.[5] The District hired four election judges to observe the counting of the ballots; two were affiliated with the Democratic Party and two were affiliated with the Republican Party.

Prior to and at the time of the election, Henderson was a registered voter living within the District's boundaries. At approximately 2:00 p.m. on December 10th, Henderson and another registered voter went to the District's office to cast their ballots. Respondent Gartner greeted them and retrieved an unsecured file box from behind a wall that separated the District's office lobby from other parts of the office. Gartner opened the box's lid and invited them to drop their ballots into the box, which they did. Approximately six hours later, District officials announced that the sales tax had passed by a vote of 4 to 3. Henderson was one of the three individuals who had voted against the sales tax.

On December 14th, the District reported the results of the vote to the Missouri Department of Revenue, as required by section 67.1545.3. Collection of the sales tax began in April 2016. *See* § 67.1545.3 ("The sales and use tax authorized by this section shall become effective on the first day of the second calendar quarter after the director of the department of revenue receives notice of the adoption of such tax.").

On January 8, 2016, Henderson filed a two-count petition against the District, Gartner, and May. In Count I, Henderson alleged that the District's election failed to comply with the Missouri

---

[5] Above the signature, printed name, and address lines, the ballot provided that "[b]y submitting this Ballot to the [District], the undersigned hereby certifies, represents, and warrants that the undersigned is a person who resides within the [District] and who is qualified and registered to vote pursuant to Chapter 115 of the Missouri Revised Statutes."

Constitution in four respects: (1) lack of a secret ballot; (2) lack of a secured ballot box; (3) lack of sufficient notice of the election; and (4) lack of a neutral administrator. Henderson alleged that these "Constitutional irregularities" were of "sufficient magnitude to cast doubt on the validity of the election," justifying a new election pursuant to section 115.593.[6] She requested that the trial court issue an order commanding that the District fix these deficiencies in "any subsequent election."

In Count II, Henderson sought a judgment from the trial court declaring: (1) the District's election was void because of the irregularities described in Count I; (2) no sales tax may be collected as a result of the election; (3) the District and its officials knowingly, purposefully, and intentionally conducted an irregular election that did not comply with Missouri law; (4) to the extent that section 67.1541 authorizes the election to be conducted as it was, the statute is unconstitutional as applied to the facts of this case; and (5) Henderson is entitled to recover her costs and attorneys' fees.

Respondents filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction, in which they asserted that "[b]ecause there is no statutory authority for a challenge to a CID sales tax election, [Henderson's] Verified Petition must be dismissed in its entirety." In response, Henderson asserted that the trial court was authorized to hear her challenge under section 115.575.2, which provides that "[a]ll contested elections on any office or question . . . shall be heard and determined by the circuit court of any circuit, selected by the contestant, in which all or any part of the election was held and in which any alleged irregularity occurred."[7]

_____

[6] Section 115.593 provides that, "[i]f the court or legislative body trying a contested election determines there were irregularities of sufficient magnitude to cast doubt on the validity of the initial election, it may order a new election for the contested office or on the contested question."

[7] Henderson also argued that the trial court had jurisdiction over her claims under article 1, section 14 of the Missouri Constitution, which provides that the courts of justice shall be open to every person, and article 5, section 14(a), which provides that the "circuit courts shall have original jurisdiction over all cases and matters, civil and criminal."

4

On February 29, 2016, the trial court heard argument on the motion. On March 8, 2016, the trial court made the following docket entry:

> Respondent Business Loop CID's and Respondent Tom May's Motion to Dismiss for Lack of Subject Matter Jurisdiction filed January 22, 2016, and Respondent Carrie Gartner's Motion to Dismiss filed January 25, 2016, (incorporating the motion and suggestions filed by Business Loop Community Improvement District and Tom May) are sustained. Cause is dismissed in its entirety without prejudice. Court costs taxed to Petitioner/Contestant Jennifer Henderson.

Henderson filed a motion with the trial court requesting the dismissal order be denominated a "judgment" so as to permit an appeal to be filed, which was denied.[8] Ultimately, the Missouri Supreme Court issued a permanent writ of mandamus directing the trial court to sign and file a judgment, denominated as such, disposing of Henderson's claims. *See State ex rel. Henderson v. Asel*, 566 S.W.3d 596, 600 (Mo. banc 2019).[9] In accordance with the Missouri Supreme Court's directive, the trial court issued a signed judgment, the substance of which was identical to the 2016 dismissal order. This appeal followed.

**Standard of Review**

"We review de novo a trial court's grant of a motion to dismiss." *Miller v. Frank*, 519 S.W.3d 472, 475 (Mo. App. E.D. 2017) (reviewing the trial court's granting of a motion to dismiss for lack of jurisdiction, noting that the judgment essentially determined that the trial court lacked the statutory authority to consider the merits of the appellants' election challenge). "We will examine de novo issues of law, including questions of statutory and constitutional interpretation."

---

[8] A judgment is a "decree" or "order from which an appeal lies." Rule 74.01(a). "A judgment is entered when a writing signed by the judge and denominated 'judgment' or 'decree' is filed." *Id.*

[9] A more detailed account of the proceedings that occurred in this matter after the trial court issued its dismissal order can be found at *State ex rel. Henderson v. Asel*, 566 S.W.3d 596, 598 (Mo. banc 2019).

*Id.* "But in reviewing the plaintiffs' petition, we will assume that all of the factual averments are true and will make all reasonable inferences in the plaintiffs' favor." *Id.*

## Analysis

Henderson raises two points on appeal. First, she asserts that the trial court erred in determining that it lacked subject matter jurisdiction to hear her claims and in dismissing her petition on that basis. In her second point, Henderson argues the trial court erred in dismissing her petition in that she was authorized by statute to contest the District's sales tax election. Respondents challenge the substance of Henderson's claims on appeal, and further assert that her claims are moot.

### *Henderson's claims are not moot*

We first address Respondents' argument that we must dismiss Henderson's appeal as moot. Respondents assert that Henderson's "challenge to the election is now moot in that the sales tax election occurred, the District's voters approved the sales tax, the sales tax has been collected since April 2016 and [Henderson] is no longer a registered voter residing within the geographic boundaries of the District." We disagree that any of these events have mooted Henderson's election challenge.

"When an event occurs that makes a court's decision unnecessary or makes granting effectual relief by the court impossible, the case is moot and generally should be dismissed." *D.C.M. v. Pemiscot Cty. Juvenile Office*, 578 S.W.3d 776, 780 (Mo. banc 2019). None of the occurrences cited by Respondents have made the trial court's decision unnecessary or granting effectual relief by the court impossible.

The fact that the election occurred does not moot Henderson's claims. If this were true, every post-election challenge would be moot. But—as discussed below—such challenges are

6

expressly allowed under Missouri law. And, the fact that a majority of the voters approved the tax and the sales tax has been collected since April 2016 does not make it impossible for the trial court to invalidate the election and prohibit collection of the tax. *See* § 115.595.2 ("In each case of a pending election contest on a question, the question shall be deemed approved or disapproved as shown by the official returns of the election until the contest is decided. When the contest is decided, the question shall be deemed approved or disapproved in accordance with the decision as of the day the contest is decided, or as of the day it would otherwise have been deemed approved or disapproved, whichever is later."); *see also City of Hazelwood v. Peterson*, 48 S.W.3d 36, 38 (Mo. banc 2001) (in which voters in a fire protection district approved a tax increase; the election was contested; while the election contest was pending, the district levied the tax increase; and the trial court eventually ruled the election was irregular, set it aside, and ordered a new election) (overruled on other grounds *by Zweig v. Metro. St. Louis Sewer Dist.*, 412 S.W.3d 223, 248 n.17 (Mo. banc 2013)).

Respondents additionally argue that Henderson's "challenge to the election is now moot" because she since moved out of the District's boundaries, and thus "is not eligible to vote in the new election she seeks."[10] But Respondents' specific focus on Henderson's eligibility to vote in a

---

[10] Although Respondents argue this fact renders Henderson's claims moot, their argument actually appears to be that Henderson no longer has standing to bring her claims. Respondents assert that because Henderson has moved out of the District, she has "at best a generalized grievance regarding the sales tax" and a "generalized grievance is not a discrete, concrete injury sufficient to challenge the actions of a special tax district," citing *In re Clarkson Kehrs Mill Transportation Development District*, 308 S.W.3d 748 (Mo. App. E.D. 2010) (a case involving standing—not mootness—in which the Eastern District held that individuals who did not reside within a transportation development district lacked standing to intervene as a matter of right in an action seeking to set aside a judgment creating the district, notwithstanding that if a sales tax were levied in the district, the individuals seeking to intervene may pay sales tax if they chose to access the district). Respondents' reliance on *In re Clarkson Kehrs Mill* is misdirected. That case did not involve an election challenge or any assertion that the plaintiffs' claims were moot, and the individuals seeking to intervene had never resided in the district. We also note that Respondents raised this same argument regarding Henderson moving out of the District—although framed accurately as a standing issue—in front of the Missouri Supreme Court in *State ex rel. Henderson v. Asel*, 566 S.W.3d 596 (Mo. banc 2019), and the argument was rejected.

potential *future* election is misplaced. Speculation concerning Henderson's ability to vote in a prospective election in no manner renders it unnecessary for a court to rule upon the allegations of irregularity contained in Henderson's petition which are directed at a previously held election in which Henderson participated. Indeed, it is undisputed that Henderson was a qualified voter in the sales tax election she now challenges, and if her challenge is successful, the trial court can order the relief she seeks in her petition: a declaration that the election in which she exercised her rights as a voter is invalid and that no sales tax may be collected as a result of the election. Henderson's relocation outside the District does not render it unnecessary or impossible for the trial court to grant this relief.

Because Respondents have cited no events which make a court's decision unnecessary or make granting effectual relief impossible, we find Henderson's action is not moot.

*The trial court has subject matter jurisdiction over this action*

Henderson asserts in Point I that the trial court "erred in dismissing the petition on the basis of lack of subject matter jurisdiction." We agree that the trial court has subject matter jurisdiction over this action. Subject matter jurisdiction is "the court's authority to render a judgment in a particular category of case" and, under Missouri law, "is governed directly by the state's constitution." *Webb ex rel. J.C.W. v. Wyciskalla*, 275 S.W.3d 249, 253 (Mo. banc 2009). "Article V, section 14 sets forth the subject matter jurisdiction of Missouri's circuit courts in plenary terms, providing that the circuit courts shall have original jurisdiction over *all* cases and matters, civil and criminal." *Id.* (emphasis in original) (internal marks omitted). In *Wyciskalla*, the Missouri Supreme Court held that because the case at issue was a civil case, the circuit court had subject matter jurisdiction. *Id.* at 254. As in *Wyciskalla*, the trial court here similarly has subject matter jurisdiction over this civil action.

8

That finding does not end our analysis, however. Although Respondents' motion to dismiss was characterized as a motion to dismiss for lack of subject matter jurisdiction, the crux of Respondents' argument for dismissal was that "no statutory authority [exists] for a challenge to a CID sales tax election."[11] Accordingly, we construe the judgment pursuant to its import—a determination by the trial court that it lacked the statutory authority to hear Henderson's election contest—and resolve whether this determination was erroneous. *See Ground Freight Expeditors, LLC v. Binder*, 359 S.W.3d 123, 126 (Mo. App. W.D. 2011); *see also Miller*, 519 S.W.3d at 474 n.2.

### *Statutory authority exists for Henderson's election challenge*

In Point II, Henderson asserts that she has a statutory right to contest the District's sales tax election, and that the trial court erred in dismissing her petition on the basis that it lacked the authority to hear her challenge. We agree.

Any right to contest an election "exists by virtue of statute; it is not a common law or equitable right." *See Miller*, 519 S.W.3d at 475. Correspondingly, the authority of a trial court to hear an election contest and grant relief is limited to that specifically authorized by statute. *Id.* Henderson acknowledges that section 67.1545—the section of the CID Act relating to sales tax elections—does not specifically provide for election contests.[12] However, she asserts that chapter

---

[11] The trial court's judgment granting Respondents' motion to dismiss did not state a basis for dismissal. "Because the trial court failed to state a basis for its dismissal of the petition, we presume the dismissal was based on at least one of the grounds stated in the motion to dismiss[.]" *Miller*, 519 S.W.3d at 475 (internal marks omitted).

[12] Section 67.1545 provides the authorization for a CID to hold a sales tax election, describes the form of the ballot that must be used in the election, and sets forth requirements relating to the collection and use of the sales tax if it is ultimately approved by a majority of the qualified voters in the election.

9

115—which contains Missouri's general election laws—provides the necessary statutory authority for her challenge to the District's election.[13]

Missouri's general election laws clearly provide authorization for election challenges. For example, section 115.553.2 provides that "[t]he result of any election on any question may be contested by one or more registered voters from the area in which the election was held."[14] Section 115.575.2 describes where such challenges may be brought: "All contested elections on any office or question . . . shall be heard and determined by the circuit court of any circuit, selected by the contestant, in which all or any part of the election was held and in which any alleged irregularity occurred." Finally, section 115.593 describes the relief a trial court may grant an individual contesting the election, and under what circumstances: "If the court or legislative body trying a contested election determines there were irregularities of a sufficient magnitude to cast doubt on the validity of the initial election, it may order a new election for the contested office or on the contested question." The central question that we must resolve is whether the election contest provisions set forth in chapter 115 authorize a challenge to the CID sales tax election conducted by the District. For the following reasons, we answer in the affirmative.

Chapter 115 provides that "[n]otwithstanding any other provision of the law to the contrary, sections 115.001 to 115.801 shall apply to all public elections in the state, except elections for which ownership of real property is required by law for voting." § 115.005. The District's sales tax election was a public election,[15] and property ownership was not a prerequisite to vote in the

---

[13] Missouri's "Comprehensive Election Act of 1977" includes sections 115.001 to 115.641. *See* § 115.001. The purpose of these sections "is to simplify, clarify and harmonize the laws governing elections" and they "shall be construed and applied so as to accomplish [this] purpose." § 115.003.

[14] "Question" is defined as "any measure on the ballot which can be voted 'YES' or 'NO.'" § 115.013(24). Here, the ballot posed a "yes" or "no" question to voters regarding whether the District shall adopt the sales tax.

[15] A "public election" is not defined in chapter 115, but section 115.137.1 provides that "any citizen who is entitled to register and vote shall be entitled to register for and vote pursuant to the provisions of this chapter in all statewide public elections and *all public elections held for districts and political subdivisions within which he resides.*"

election. Rather, "qualified voters" were "persons who reside[d] within the district and who [were] qualified and registered to vote pursuant to chapter 115,[16] pursuant to the records of the election authority as of the thirtieth day prior to the date of the applicable election." *See* § 67.1401.2(14)(b)a, (15).[17] Thus, section 115.553.2 applies to this sales tax election and provides Henderson with the necessary statutory authority to challenge the election's results. *See* § 115.005.

Respondents nevertheless argue that the general election laws found in chapter 115 are inapplicable to CID sales tax elections based on subsection 10 of section 67.1545. This subsection provides that "[n]otwithstanding the provisions of chapter 115, an election for a district sales and use tax under this section shall be conducted in accordance with the provisions of this section." We disagree that this "notwithstanding" clause renders the election contest provisions in chapter 115 inapplicable to the District's sales tax election.

"[T]o say that a statute applies 'notwithstanding any other provision of the law' is to say that no other provisions of law can be held in conflict with it[.]" *Earth Island Inst. v. Union Elec. Co.*, 456 S.W.3d 27, 33-34 (Mo. banc 2015). Thus, a "'Notwithstanding' clause does not create a conflict, but eliminates the conflict that would have occurred in the absence of the clause." *Id.* at 34. Here, there is no conflict between section 67.1545 and the provisions of chapter 115 that govern election contests. Chapter 115 authorizes election contests, sets forth the venue in which such

---

(emphasis added). Because this sales tax election was open to all qualified voters within the District—which is a political subdivision of the State—we find this was a "public election."

[16] To be qualified to vote under chapter 115, the individual must be a citizen of the United States, a resident of Missouri, and eighteen years of age. *See* § 115.133.1. Additionally, a person is not entitled to vote if he is adjudged incapacitated, is confined under a sentence of imprisonment, is on probation or parole after conviction of a felony, or has been convicted of a felony or misdemeanor connected with the right of suffrage. § 115.133.2.

[17] Section 67.1401.2(14)(b)b provides that "[i]f no registered voters reside in the district," then those qualified to vote are "the owners of one or more parcels of real property located within the district[.]" We need not decide whether the default from registered voters to property owners anticipated by section 67.1401.2(14)(b)b qualifies as an "election[] for which ownership of real property is required by law for voting" as provided in section 115.005.

11

contests shall be brought, and describes the relief a trial court may grant a contestant and under what circumstances. Section 67.1545 is silent as to these issues. And notably, the "notwithstanding clause" in section 67.1545 only purports to avoid application of chapter 115 with regard to the manner in which CID sales tax elections are "conducted," not how those elections are "contested."

*Dotson v. Kander*, 464 S.W.3d 190 (Mo. banc 2015), provides further support for our conclusion that for this particular election,[18] there exists no conflict between section 67.1545 and chapter 115. In *Dotson*, the plaintiffs sought to challenge the ballot title of a statewide ballot measure post-election under chapter 115. 464 S.W.3d at 192-93. Chapter 116—which pertains to statewide ballot measures—expressly provided only for a pre-election challenge to a ballot title. *See* § 116.190. Chapter 116 also provided that the "election procedures contained in chapter 115 shall apply to elections on statewide ballot measures, except to the extent that the provisions of chapter 116 directly conflict, in which case chapter 116 shall prevail[.]" § 116.020. Despite the limiting language of section 116.020 relating to application of chapter 115 to statewide ballot measures, the Missouri Supreme Court found that "a challenge to the ballot title of a [statewide ballot measure] may be brought as an irregularity in a post-election action under chapter 115[.]" *Dotson*, 464 S.W.3d at 194. In other words, the Missouri Supreme Court concluded that section 116.190's specific authorization for a pre-election ballot title challenge did not conflict with or bar a post-election irregularity-based challenge under chapter 115 to a ballot title.

If chapter 116's statutory scheme—which expressly provided for pre-election but not post-election challenges—did not conflict with chapter 115's election challenge provisions, then section

---

[18] This opinion does not address application of the election contest provisions contained in chapter 115 to a CID sales tax election where only owners of real property were qualified to vote. *Compare* § 67.1401.2(14)(b)b (if no registered voters reside in the district, qualified voters are those who own real property in the district), *with* § 115.005 ("Notwithstanding any other provision of law to the contrary, sections 115.001 to 115.801 shall apply to all public elections in the state, except elections for which ownership of real property is required by law for voting.").

67.1545, which is silent on the issue of challenges to CID sales tax elections, does not conflict either. Thus, like the plaintiffs in *Dotson*, Henderson is authorized to contest the District's sales tax election under chapter 115.

Finally, Respondents argue that Henderson has no right to contest this election because it was a "special election"[19] and there is no specific authority in chapter 115 to challenge "special elections." But Respondents' argument ignores that section 115.553.2 allows a registered voter to contest the result of *any* election—i.e., special or otherwise—on *any* question. Respondents cite no authority to support their assertion that voters lack the right to contest a special election, and, in fact, case law interpreting chapter 115 demonstrates that the opposite is true. *See, e.g.*, *Landwersiek v. Dunivan*, 147 S.W.3d 141, 145, 149-50 (Mo. App. S.D. 2004) (upholding trial court's finding that irregularities in water district election warranted a new election pursuant to section 115.593).

Henderson, as a registered voter in the geographic area in which the election occurred, was authorized to contest the District's sales tax election under section 115.553.2, and the trial court was authorized to hear her challenge under section 115.575.2. The trial court thus erred in dismissing Henderson's claims on the grounds that it lacked statutory authority to hear and resolve this election contest.

---

[19] A "special election" is defined as one "called by any school district, water district, fire protection district, or other district formed pursuant to the laws of Missouri to provide limited, specific services[.]" § 115.013(28).

**Conclusion**

The judgment of the trial court is reversed and this cause is remanded for proceedings consistent with this opinion.[20]

_____

EDWARD R. ARDINI, JR., JUDGE

All concur.

---

[20] Before this Court is Henderson's Motion to Strike Pages of Respondents' Appendix. Respondents argue that the Court can consider the documents included in their appendix—which were not part of the record on appeal—in support of their assertion that Henderson's claims are moot and her appeal should be dismissed. Respondents assert that these "documents evidence that the District was formed for the purposes of improving safety, enhancing public spaces and making resources available to entrepreneurs and that the District has been collecting and investing the sales tax proceeds for those purposes since April 1, 2016." The fact that the District has been collecting the tax since April 2016 is not disputed (Henderson alleged in her petition that collection of the tax would begin in April 2016), and we find the remaining appendix documents irrelevant to the issue of mootness. As such, Henderson's Motion to Strike Pages of Respondents' Appendix is granted.